[Civil No. 2429.   Filed February 17, 1926.]

[243 Pac. 413.]

GARNET RODEN, Appellant, v. W. D. RODEN, Appellee.

1. DIVORCE.—In suit for divorce, evidence *held* not to show separation by agreement.

2. JUDGMENT.—"Judgment of dismissal with prejudice" is same as a judgment for defendant on the merits, and is *res judicata* as to every matter litigated.

3. DIVORCE—IN DIVORCE SUIT, JUDGMENT OF DISMISSAL WITH PREJU- DICE WAS A DENIAL OF JUSTIFICATION OF PLAINTIFF'S ABANDON- MENT OF MATRIMONIAL DOMICILE.—In suit for divorce, tried on issue whether plaintiff's abandonment of matrimonial domicile was justified by defendant's extreme cruelty, judgment of dis- missal with prejudice was denial of any such justification, and necessarily implied that plaintiff had wilfully and without cause deserted defendant.

4. DIVORCE.—Where parties have separated by mutual consent, there is no desertion.

5. DIVORCE.—Where separation is wilful and unjustifiable by spouse, who announces her fixed intention of leaving, mere acceptance by other spouse does not imply a separation by agreement.

See (1) 19 **C. J.**, p. 145, n. 67.   (2) 34 **C. J.**, p. 788, n. 95.   (3) 19 **C. J.**, p. 149, n. 35 New.   (4, 5) 19 **C. J.**, p. 64, n. 26, 27.

On motion for rehearing on appeal from a judg- ment of the Superior Court of the County of Mari- copa.   Dudley W. Windes, Judge.   Rehearing denied.

For opinion, see *ante,* p. 398, 242 Pac. 337.

2.   See 9 **R. C. L.** 209.
4.   See 9 **R. C. L.** 358.

Messrs. Struckmeyer, Jennings & Strouse and Messrs. Knapp, Boyle & Pickett, for Appellant.

Mr. F. M. Gold, Mr. Joseph E. Morrison and Mr. Thomas A. Flynn, for Appellee.

LOCKWOOD, J.—Plaintiff in her motion for rehearing urges that the decision of this court is contrary to all recognized principles of law and all precedent, and particularly to the provisions of paragraph 3861, Revised Statutes of Arizona of 1913, Civil Code in that we erred in holding the trial court's judgment necessarily implied that plaintiff had wilfully and without cause deserted the defendant.

In our original opinion we were in error in stating that the reporter's transcript had not been filed. The mistake is that of the writer of the opinion; and, since the statements as to the evidence were based solely on the abstract of record, we have, on this motion, examined carefully the transcript to see if our original opinion was justified.

There can be no question that the plaintiff voluntarily left the matrimonial domicile with intention to separate herself permanently from her husband. She so alleged in her complaint and the transcript shows that she testified:

"I told him I just simply could not stand his cruel inhuman treatment any longer; that I would simply go mad if I had to stay with him another day."

And, in response to the question, "Now, you have related the conversation then a little in which you told him that you were going to separate from him. I will ask you whether you had any talk then just a little later some time about the condition of your health?" she replied, "I did." And, to the next question, "And what was said by you and him;

just go ahead and tell the matter." "I told him I was sick and that I had gotten tuberculosis; that I believed I had tuberculosis; that I was going to leave and go to Phoenix to a warm climate."

Defendant testified that plaintiff came to him, and said she was going to leave, to which he answered as follows:

"And I asked her what was the matter. Well, she just says, 'Oh, I don't know; I am dissatisfied.' And she asked me how much money I would give her, and I told her, I says that is, 'It is not necessary to give you any money,' I says, 'You have got a good home here and everything you need,' and I says, 'It is not necessary to give you any money; all you have to do is to stay at home and behave yourself.' She says, 'Now, I don't want to get into any argument about this,' she says, 'my mind is made up to leave,' and then finally she says, 'I want to get some money understanding.' Then I asked her how much money she wanted. She says, 'If you will pay me $250 a month for a year, and then give me three thousand dollars at the end of the year,' she says, 'I will be satisfied, and I will release you from any further obligations.' Well, I told her I would not do it. I said, 'That is too much,' and then she asked me how much I would give her. I told her I would give her $150 a month, and a thousand dollars at the end of the year, and she agreed to take it, and I got up—

"Q. What did she say? A. 'Well,' she said, 'if that is the best you will do, all right,' or something like that. I got up and walked through that hall."

Defendant had also testified to other conduct of plaintiff which, if true, would justify a reasonable man in suspecting her of lack of affection for him and an undue preference for another man.

It appears from the record plaintiff did thereafter leave the matrimonial domicile, going to Phoenix, and did not offer to return until after this case was decided against her by the trial court.

It is plaintiff's contention that defendant's conduct was such she was justified in leaving him, while the latter insists he was without fault, and her departure without excuse and against his will.

The evidence was such that the trial court would have been justified in finding either that she was compelled to leave on account of her husband's cruel treatment, or that she did so voluntarily and against his wishes and without fault on his part; nor do we think the testimony shows a separation by agreement. If a wife positively and emphatically tells her husband that she cannot endure living with him a minute longer and that she intends to leave him under the circumstances testified to by defendant, the mere fact that he does not insist more strongly than defendant did on her remaining, or use physical force to prevent her leaving, does not imply a consent to the desertion. The answer of defendant to her first remark about leaving goes about as far as any man of self-respect could go in urging her to remain under the circumstances which he related.

It is claimed, however, that since the trial court made no findings of fact, there is nothing in the record to justify our statement that its judgment necessarily implied a wilful desertion by the plaintiff of the defendant, and counsel cite paragraph 3861 in support thereof. The concluding sentence of that paragraph reads:

" . . . No divorce shall be granted upon the testimony or admissions of a party unless the same be corroborated by other evidence,"

—and it is suggested the judgment of the court might have been based on a mere failure of plaintiff to corroborate properly her allegations of cruelty, and not an affirmative finding that there was no legal excuse for her leaving.

The minutes of the trial court show that at the end of plaintiff's case defendant moved that the matter be taken from the jury, which motion was denied, and, upon an examination of the testimony of plaintiff's corroborating witnesses, we think properly so. If the judgment had been in favor of plaintiff, her counsel would have been justified in objecting most strenuously to a reversal on the ground that there was insufficient corroboration. Further than that the judgment shows that the dismissal was expressly stated to be "with prejudice." A judgment of dismissal "with prejudice" is the same as a judgment for defendant upon the merits, and, of course, is *res judicata* as to every matter litigated. 34 C. J., par. 1206.

Since the vital issue on which this case was tried was whether or not plaintiff's abandonment of the matrimonial domicile was justified on account of the extreme cruelty of defendant, the judgment of dismissal "with prejudice" was a denial of any such justification, and, as the only excuse she offered was found false, we must affirm our former statement that the judgment of the trial court necessarily implied plaintiff had wilfully and without cause deserted the defendant. Any other conclusion must have required a judgment for plaintiff.

Such being the case, it plainly follows that the equities of the case were with the defendant. There was no community property to divide, and the only question was whether or not the agreement properly provided for plaintiff's support. Since counsel for plaintiff admitted on the oral argument that, if plaintiff deserted defendant without just cause, she was not as a matter of law entitled to any support, we think that concludes the matter. The case of *Andrade* v. *Andrade,* 14 Ariz. 379, 128 Pac. 813, cited by plaintiff, is not in point. We reaffirm the law laid down

therein that where parties have separated by mutual consent there is no desertion; but, where the separation is wilful and unjustifiable on the part of the spouse, who announces her fixed intention of leaving, we do not think that a mere acceptance by the other one of the clearly expressed and irrevocable determination on the part of the first implies a separation by agreement.

Motion for rehearing denied.

McALISTER, C. J., and ROSS, J., concur.