NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

AHMAD T. SOUGHAR, *Plaintiff/Appellant*,

*v.*

IRENE MONTOYA, *Defendant/Appellee*.

No. 1 CA-CV 23-0302
FILED 3-14-2024

Appeal from the Superior Court in Maricopa County
No. CV2022-091165
The Honorable Joseph P. Mikitish, Judge

**AFFIRMED**

APPEARANCES

Ahmad T. Soughar, Peoria
*Plaintiff/Appellant*

Irene Montoya, Phoenix
*Defendant/Appellee*

---

**MEMORANDUM DECISION**

---

Judge D. Steven Williams delivered the Court's decision, in which Presiding Judge Daniel J. Kiley and Judge Kent E. Cattani joined.

---

**W I L L I A M S,** Judge:

**¶1**		Ahmad Soughar appeals the superior court's judgment dismissing his eviction action against Irene Montoya. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**		In 2018, Montoya entered into a 10-year written lease agreement to rent a home. The lease agreement provided that at the end of the 10-year term, it would convert to a month-to-month tenancy. In March 2021, Soughar purchased the home. An addendum to the home's purchase contract assigned Montoya's lease to Soughar and informed that Montoya had failed to pay rent and that the lease was "now on a month-to-month status." Soughar began attempts to evict Montoya in May 2021, and to date, has been unsuccessful five times.

**¶3**		Relevant here, in February 2022, Soughar filed his fourth eviction action against Montoya based upon willful holdover under A.R.S. § 33-1375(C). Soughar alleged that (1) Montoya was on a month-to-month tenancy; (2) Soughar had terminated the lease following proper notice; and (3) Montoya willfully held over and failed to vacate the property. Soughar interpreted the lease as terminable-at-will rather than as a 10-year lease. In addition to holdover damages, Soughar sought unpaid rent accruing from November 1, 2021 forward.

**¶4**		Immediately before the scheduled jury trial, the superior court found as a matter of law that the lease was "not terminable at the discretion of either party before the end of the 10 year term." The court then denied Soughar's request for a writ of eviction and entered final judgment dismissing the complaint with prejudice. This court recently affirmed that decision in *Soughar v. Montoya*, No. 1 CA-CV 22-0418, 2023 WL 8231852 (Ariz. App. Nov. 28, 2023) (mem. decision).

**¶5**		In March 2022, Soughar filed this fifth eviction action based upon Montoya's failure to pay rent under A.R.S. § 33-1368 and again sought

unpaid rent from November 2021 forward. Soughar further alleged that Montoya's failure and/or refusal to allow him access to the property pursuant to written notices of intent to access constituted an abuse of access, and he requested a writ of restitution returning possession of the property. Montoya answered that Soughar had violated the lease agreement by refusing to accept properly tendered rent. The superior court found that all of Soughar's "claims that were raised or could have been raised in the amended complaint . . . that arose on or before [the date of the court's final judgment in the fourth eviction action] [were] barred by principles of *res judicata*."

¶6        Soughar moved for reconsideration, which was denied. The superior court dismissed the action with prejudice, entered final judgment, and granted Montoya an award of attorneys' fees.

¶7        Soughar timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-2101(A)(1).[1]

## DISCUSSION

¶8        Soughar argues the superior court erred in dismissing his claims for past due rent.[2] We review *de novo* whether a claim is precluded as *res judicata*. *Phx. Newspapers, Inc. v. Dep't of Corrs.*, 188 Ariz. 237, 240 (App. 1997).

¶9        Under the *res judicata* (or claim-preclusion) doctrine, a final judgment entered "on the merits" in a previous lawsuit bars a later lawsuit on the same cause of action involving the same parties. *Gilbert v. Bd. of Med. Exam'rs*, 155 Ariz. 169, 174 (App. 1987), *superseded by statute on other grounds as stated in Goodman v. Samaritan Health Sys.*, 195 Ariz. 502, 508, ¶ 25 n.7 (App. 1999). A "judgment of dismissal 'with prejudice' is the same as a judgment for defendant upon the merits, and, of course, is res judicata as to every matter litigated." *Roden v. Roden*, 29 Ariz. 549, 553 (1926). The doctrine binds the parties "not only upon facts actually litigated but also upon those

---

[1] We deny Montoya's request to dismiss this appeal for lack of jurisdiction based upon Soughar's voluntary dismissal of his third eviction action. Despite the voluntary dismissal in his third eviction action, at issue here is the final judgment in this eviction action, which Soughar timely appealed.

[2] In his briefing, Soughar did not address his claim for abuse of access and so waived it. *Christina G. v. Ariz. Dep't of Econ. Sec.*, 227 Ariz. 231, 234, ¶ 14 n.6 (App. 2011) (finding waiver due to the failure to develop an argument).

points *which might have been litigated."* *Gilbert*, 155 Ariz. at 174 (emphasis added).

¶10　　　　Soughar fails to develop any argument as to why his claim for possession based upon non-payment of rent was viable. In the fourth eviction action, the superior court denied Soughar's claim for possession based on willful holdover. In that action, Soughar could have sought possession based on the alternative grounds of Montoya's failure to pay rent. A.R.S. § 33-1368(B) (permitting the filing of a special detainer action under A.R.S. § 33-1377 for unpaid rent). Moreover, although the basis for the fourth eviction action was willful holdover, Soughar sought the very same unpaid rent that he now seeks in this eviction action.

¶11　　　　The judgment in the fourth eviction action was a judgment of dismissal with prejudice, thus barring a subsequent lawsuit based on the same cause of action. *Gilbert*, 155 Ariz. at 174; *Roden*, 29 Ariz. at 553. And in ruling on Soughar's motion to reconsider in this action, the superior court noted the parties had agreed during a January 2023 hearing that the issue of nonpayment of rent from June 1, 2022 forward was not properly before the court in this case because Soughar did not provide adequate notice of nonpayment. Thus, to the extent Soughar's claims were premised on a failure to pay rent from June 1, 2022 forward, they were not properly before the court.

## CONCLUSION

¶12　　　　For the foregoing reasons, we affirm the superior court's judgment. Soughar seeks an award of attorney's fees. We deny his request because he is not the successful party and he represented himself. A.R.S. § 12-341.01; *Munger Chadwick, P.L.C. v. Farwest Dev. and Constr. of the Sw., LLC*, 235 Ariz. 125, 126, ¶ 5 (App. 2014). We award costs to Montoya upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:　AA