242 P.2d 837

**GILLESPIE v. GILLESPIE.**

No. 5439.

Supreme Court of Arizona.

March 31, 1952.

Rehearing Denied May 13, 1952.

Jennings, Strouss, Salmon & Trask; J. A. Riggins, Jr., and Charles L. Strouss, Jr., all of Phoenix, for appellant.

Alice M. Birdsall, of Phoenix, for appellee.

DE CONCINI, Justice.

This is an appeal from an order granting appellee's motion to dismiss appellant's petition for modification of a divorce decree.

Appellant husband, hereinafter referred to as plaintiff, filed a complaint for divorce against defendant wife, appellee herein, on January 25, 1947. On February 27, 1947 the parties entered into an agreement settling their property rights and alimony to the wife, subject to the approval of the court. The important provisions of the agreement are as follows:

Section 2.

"That each of said parties shall have the right to bequeath by will his or her respective interests in and to any and all property belonging to him or her from and after the date hereof, and that said right shall extend to all of the aforesaid future acquisitions of property as well as to all property set over to either of the parties hereto under this agreement."

Section 4.

"The Husband hereby quit-claims and sets over unto the Wife, as her sole and separate property the following: * * *" (Descriptions omitted).

Section 5.

"The husband shall pay unto the Wife for her support and maintenance the sum of Two Hundred ($200.00) Dollars per month, commencing with the month of March, 1947, until such time as the Wife shall remarry, said payments to be mailed to the Wife in care of the Wife's mother, Mrs. J. T. Jurisch, 1008 Third Avenue, Eau Claire, Wisconsin."

Section 6.

"The Wife has executed and delivered unto the Husband a quit claim deed conveying unto the Husband all right, title and interest of the Wife in, of and to the following described community

property.: * * *" (Descriptions omitted.)

"That in lieu of the Wife's equity in said premises, the Husband shall cause to be paid to the Wife the cash sum of Five Hundred ($500.00) Dollars, payable forthwith."
Section 7.

"The Wife hereby expressly disclaims unto the Husband and declares that the property hereinafter described is the sole and separate property of the Husband, to-wit: * * *" (Descriptions omitted.)
Section 8.

"Should a divorce be granted, an executed copy shall be presented to the court for approval or for the incorporation of the provisions herein contained into and as a part of the decree of divorce."
Section 9.

"Each party to this agreement hereby solemnly and specifically avers that the foregoing agreement has been entered into without undue influence, fraud, coercion or misrepresentation of any kind."

On March 7, 1947 a hearing was had in the trial court. Both parties were represented by counsel but were not personally present. Plaintiff's evidence consisted of his deposition, one corroborating witness, and the settlement agreement above referred to. The trial judge ordered that a decree of divorce be granted to the plaintiff and further ordered as follows:

"It is further ordered that the settlement of property rights of the parties as contained in Agreement admitted in evidence be confirmed and approved and that in accordance with provisions of said agreement plaintiff is ordered to pay to the defendant for her support and maintenance the sum of Two Hundred ($200.00) Dollars per month, commencing with the month of March, 1947, and thereafter payable on the first day of each and every month until and unless defendant shall remarry; it being specifically agreed that said payments shall cease and terminate upon remarriage of defendant."

On the same date the trial judge signed a divorce decree, the pertinent provisions of which are as follows:

"It is Further Ordered, Adjudged and Decreed that the agreement introduced into evidence as plaintiff's Exhibit "A," defining the property rights of the parties and providing for the support and maintenance of the defendant be, and the same is hereby approved."

"It is Further Ordered, Adjudged and Decreed that in accordance with the provisions of said agreement, the defendant is awarded and the plaintiff is ordered to pay to defendant as alimony for her support and maintenance

4

the sum of Two Hundred ($200.00) Dollars per month, commencing with the month of March 1947, One Hundred ($100.00) Dollars thereof having been heretofore paid by plaintiff to defendant, the other One Hundred ($100.-00) Dollars thereof for March, 1947, to be paid on March 15, 1947, the sum of Two Hundred ($200.00) Dollars on April 1, 1947, and the sum of Two Hundred ($200.00) Dollars on the first day of each and every month thereafter until the defendant shall remarry; * * *." (Emphasis ours.)

In March 1950 plaintiff petitioned the superior court to modify this monthly payment of two hundred dollars by reducing same. Defendant made a motion to dismiss the petition which was granted, and the court gave as its reason for not entertaining the motion the fact that the parties had entered into a contract for the above named amount and it was not within the province of the superior court to change that contract.

Plaintiff's assignment of error raises but one question, to wit: Is the agreement in question, which was entered into by both parties and incorporated into the divorce decree, subject to modification?

From 27 C.J.S., Divorce, § 301, page 1157 et seq., we quote the following pertinent paragraphs:

"A divorce court has jurisdiction to approve valid property agreements made between spouses pending or prior to divorce proceedings". Miller v. Miller, 33 N.Mex. 132, 262 P. 1007. Quoting further from 27 C.J.S., Divorce, § 301, supra, page 1159:

"The mere approval of a property settlement in the divorce decree does not operate to make it a part of, and enforceable as, a decree of the court (Kastner v. Kastner, 90 Colo. 280, 9 P.2d 290); *but if the language of the agreement shows an intent to make it part of the divorce decree, and the agreement is actually incorporated in the decree, the provisions of the agreement may be enforced as an order of the court.*" (Emphasis ours.) Lazar v. Superior Court, 16 Cal.2d 617, 107 P.2d 249.

Reading section 8 supra of the agreement together with the divorce decree supra it is clear that it was the intention of the parties that it should become a part of the decree, and that the court made it part of the decree by reference thereto. Therefore it is enforceable, not as an agreement, but as a decree of the court and subject to modification.

In Hough v. Hough, 26 Cal.2d 605, 160 P.2d 15, the California Supreme Court quotes Holloway v. Holloway, 130 Ohio St. 214, 198 N.E. 579, 154 A.L.R. 439, which we think significant to this case:

"A decree which incorporates an agreement is a decree of court never-

theless, and as soon as incorporated into the decree the separation agreement is superseded by the decree, and the obligations imposed are not those imposed by contract, but are those imposed by decree, and enforceable as such. Once the contract is merged into the decree, the value attaching to the separation agreement is only historical." [26 Cal.2d 605, 160 P.2d 17.]

Therefore any action taken must be based on the decree of the lower court and not based on the contract of the parties.

We said in Long v. Stratton, 50 Ariz. 427, 72 P.2d 939, 942:

"Of course the court may, and ordinarily will, accept and adopt in its decree the terms of any property settlement submitted to it by the parties, but it does not have to do so, and if it does it is none the less the court's decree that gives such settlement its validity."

█ The other question that this court must decide is a question of law, to wit: Is the agreement which the parties entered into, providing for two hundred dollars per month for support and maintenance of the wife, in the nature of a property settlement or in the nature of alimony? In order to give the lower court jurisdiction to modify the decree fixing a sum certain to be paid to the defendant as alimony, the alimony paid must not be a consideration for a property settlement since this would be the defendant's share in the property

and not subject to modification by the lower court. North v. North, 339 Mo. 1226, 100 S.W.2d 582, 109 A.L.R. 1061. It must, rather, be separate and distinct, that is, the alimony should be paid only for the wife's support and maintenance and no part of it should be considered as payment for her property rights. Joachim v. Joachim, 267 Ill.App. 237; 109 A.L.R. at page 1071. Also, Hough v. Hough supra.

█ Defendant lays great stress on the fact that the court's minute entry did not use the word "alimony" as did the written decree and emphasizes that the word "alimony" was either "surreptitiously or inadvertently" inserted in the decree. Appellee also asserts that she was not adequately represented when the matter was presented to the lower court. There is no evidence in the record to support either of these charges except the bare assertions in defendant's brief. In McFadden v. McFadden, 22 Ariz. 246, 196 P. 452, 453, the court said:

"Moreover, we think, in conformity with the rule in at least one jurisdiction, that where there is conflict between the entry made by the clerk in the minutes and the solemn judgment of the court, the terms of the latter should be given force and effect, rather than of the former." (Citing cases.)

Futhermore the word "alimony" adds little to the decree because the words "support and maintenance of the wife" are used in the statute providing for modification of

divorce decrees. Section 27–811, A.C.A. 1939. Alimony and separate maintenance synonymous, 3 Words and Phrases, p. 130.

 An examination of the agreement and the decree leads us to but one conclusion and that is, the monthly payment of two hundred dollars was alimony and not in payment for any property rights. The agreement recognized and set aside to each of the parties his separate property. The one and only parcel of community property was set over to the plaintiff upon payment of five hundred dollars by him to the defendant. Thus it can be seen that the parties settled their property rights, and independently thereof they agreed that plaintiff pay $200 per month as alimony for defendant's support and maintenance.

Section 27–811, A.C.A. 1939, provides in part as follows:

"The court may from time to time after the entry of final decree, on petition of either party, amend, revise and alter such portions of the decree as relate to the payment of money for the support and maintenance of the wife". Schuster v. Merrill, 56 Ariz. 114, 106 P.2d 192.

In 27 C.J.S., Divorce, § 238, p. 983, the following is said as to the court's power and right to modify an alimony decree:

"* * * it has been held that neither the court itself, *nor the parties*, can divest the court of the power given it by statute to modify a decree granting permanent alimony." (Emphasis ours.)

See Armstrong v. Armstrong, 132 Cal. App. 609, 23 P.2d 50.

The case is reversed with instructions to the lower court to entertain plaintiff's petition to modify the decree as relates to the payment of money for support and maintenance of the defendant.

Judgment reversed.

UDALL, C. J., and STANFORD, PHELPS and LA PRADE, JJ., concur.