262 P.2d 382

GLASSFORD et al. v. GLASSFORD.

No. 5608.

Supreme Court of Arizona.

, Oct. 30, 1953.

Rehearing Denied Dec. 15, 1953.

Neil C. Clark, Phoenix, for appellants.

Francis J. Ryley, George Read Carlock and Joseph P. Ralston, Phoenix, for appellee and cross-appellant.

JOHNSON, Superior Court Judge.

Admiral William A. Glassford and Deborah Leighton Glassford were married on August 25, 1920, in Vancouver, British Columbia. From 1902 to 1947, Admiral Glassford was continuously in the naval service of the United States, and during this period, he necessarily resided where stationed by military or naval assignments. His residences while in the service were many, and often in a foreign land, and some extended over a period of years; but all were temporary and throughout the period of his service, Arizona was his permanent domicile.

In 1938, Admiral Glassford inherited from his mother 160 acres of farm land in Maricopa County as his sole and separate

property, and another 160 acres, as well as business properties, located in Phoenix, Arizona, which he owned jointly with his brother. These properties were being operated under a partnership agreement, and Admiral Glassford has been receiving his share of income each year. In May of 1949, he sold 160 acres of farm lands for the sum of $60,000.

In July of 1946, he filed a complaint for divorce against his wife, Deborah Leighton Glassford, in Maricopa County, Arizona.

Thereafter, the parties entered into a property settlement agreement dated the 23rd day of September, 1946.

The following are paragraphs of said agreement that are pertinent to the issues involved in this action:

"(1) The Husband agrees to pay to the Wife, during her lifetime, or until she shall remarry, twenty-five (25%) per cent of his gross income in monthly instalments commencing as of October 1, 1946, and that he will continue said monthly instalments irrevocably and unconditionally, regardless of any other source of income the Wife may have, until said Wife remarries. The gross income of said Husband shall be considered any assets or sums received by him from any source whatsoever."

"(6) The Wife hereby waives, releases and relinquishes and bars herself of all right of dower in and to all real property and all legal right, title and interest in and to any and all personal property which the Husband may now own or hereafter own or acquire and in and to any and all right, title and interest in his estate or otherwise, except as to payments provided for in Paragraph one which by reason of the said marriage may hereafter be vested in her in the estate of said Husband, in the event of his decease; the Wife shall, upon request at any time hereafter, execute good and sufficient release or releases of dower or to the personal estate of said Husband, his heirs, executors, and administrators or assigns, or his duly authorized agent whom the Husband, his heirs, executors, administrators and assigns may designate, and will further, upon request of the said Husband, join him in executing any deed or deeds or conveyances or assignments of any real or personal property now owned or which may hereafter be owned or acquired by him."

"(8) That each party hereto expressly waives and releases to the other any and all claim which he or she might have or might claim to have against the other by reason of any matter, cause or thing whatsoever, from the date of their marriage aforesaid to the time of the sealing of these presents, except as to the payments hereinbefore provided for."

"(9) It is mutually understood and agreed that in the event a decree of di-

vorce is granted in any Court of competent jurisdiction, then and in that event this agreement shall be made a part of said decree whether incorporated therein or adopted by reference and nothing herein contained shall be a bar or waiver of either of the parties proceeding in a Court of competent jurisdiction for the purpose of applying for a divorce *a vinculo matrimonii.* Provided, always, and it is hereby agreed, that if said parties shall become reconciled and resume cohabitation, then and in such case all the covenants and provisions herein contained shall become void but without prejudice to any action previously made or done hereunder or any proceedings on the part of either of the parties hereto in any respect of any antecedent breach of any of the covenants or provisions herein contained."

The final order of divorce was entered on the 1st day of October, 1946, before the Superior Court of Maricopa County, and the agreement in question was incorporated in and made a part of the final decree of divorce. Thereafter, Admiral Glassford married his present wife, Henrietta Sherwood Glassford; and having retired from the United States Navy on account of physical disability, he was employed by the Radio Corporation of America to go to Europe as its representative to promote good will and open the way for expansion of business activities of the corporation in Europe. In his capacity as such representative, the Admiral and his wife were expected to, and subsequently did, do an extensive amount of entertaining of foreign government representatives and business and industrial representatives in England and other European countries. He testified that it was expected and understood that in the performance of all such activities he would be assisted by his wife; and her ability and fitness to satisfactorily discharge the duties that would devolve upon her in such capacity were carefully considered and favorably determined by the executives of the Radio Corporation of America before the contract with him was made. For these services he was paid a salary of $1,000 a month.

His first wife, Deborah Leighton Glassford, claims that she is entitled under the property settlement agreement to one-fourth of the community income of the Admiral and his present wife, Henrietta Glassford, including the community salary earned by him in the performance of his contract with the Radio Corporation of America. For almost the entire contract period (until after he returned to America in September, 1949), Deborah Leighton Glassford received twenty-five per cent of the salary earned by him under the contract with the Radio Corporation of America. These payments to Deborah Leighton Glassford were discontinued after his return to America on advice of his counsel, upon the grounds that such income constituted the community earnings of the Admiral and his present

wife, Henrietta Glassford, and as such, were not subject to liability for his debts and obligations contracted prior to his marriage to Henrietta Glassford and that the property settlement agreement of September 23, 1946, being the separate and sole obligation of the Admiral, could not be made a charge upon the community income of his subsequent marriage with Henrietta Sherwood Glassford. Upon the payments from the Radio Corporation of America salary being discontinued, Deborah Leighton Glassford filed a petition in the original divorce action in the Superior Court of Maricopa County, asking for an order to have him cited for contempt for his failure to pay her one-fourth of the community earnings of the Admiral and his present wife, Henrietta Sherwood Glassford.

The petition was dismissed by the trial court upon the ground that the decree of divorce contained no provision for alimony and that the court had no jurisdiction in the divorce action to construe the contract above referred to between the Admiral and his first wife and to incorporate such construction into the decree as an alimony award. No appeal was taken from the order dismissing the petition. We agree with the trial court that the contract between the Admiral and Deborah Glassford did not provide for this payment of alimony by him to her.

Thereafter, Deborah Leighton Glassford, hereinafter referred to as plaintiff, filed a complaint against William Alexander Glassford, hereinafter referred to as defendant, entitled "Complaint for Accounting and For Declaratory Judgment."

During the course of the trial, the parties agreed that the accounting features of the complaint would be settled without the intervention of the court and were not an issue at the trial and, therefore, it is not considered by the court on this appeal. The plaintiff, in her complaint for declaratory judgment, asks the court to declare the mutual legal rights and duties of each of the parties under the property settlement agreement incorporated in the divorce decree of October 1, 1946, and to declare that the plaintiff is entitled to twenty-five per cent of the gross amount received by the defendant from the Radio Corporation of America and twenty-five per cent of any sums or other assets received by the defendant from any source not excepting the proceeds accruing from the sale of the defendant's separate property acquired by inheritance from his mother.

The defendant's wife, Henrietta Sherwood Glassford, was not made a party to this action but was permitted to intervene, presumably upon the grounds alleged in her proffered complaint that she was from the date of her marriage a resident of Arizona and was a factor in securing the defendant's contract with the Radio Corporation of America, and that she performed many of the duties imposed upon the defendant by such contract, and that all of the income derived from the performance of said con-

tract was community income of the marriage of herself and defendant, and that none of it was subject to the liabilities contracted by the defendant prior to his marriage to her. At the trial she neither took the witness stand nor called any witness to support the allegations of her complaint.

The trial court, after hearing the evidence, entered its judgment on the 30th day of April, 1951, decreeing that the plaintiff is entitled to twenty-five per cent of the gross amount received by the defendant from the Radio Corporation of America and from defendant's farming operations within the state of Arizona; also that the plaintiff is entitled to twenty-five per cent of any income received by the defendant, whether the same be separate or community, and, further, that the plaintiff was not entitled to any portion of the proceeds from the sale of farming properties. An appeal was taken to this court from the judgment of the trial court, by the defendant assigning as error that the trial court erred in entering judgment

"That the Plaintiff is entitled to twenty-five per cent (25%) of any income received by the Defendant whether the same be separate or community property."

and,

"That the Plaintiff is entitled to twenty-five per cent (25%) of the gross amount received by the Defendant, William Alexander Glassford,

from the Radio Corporation of America."

The plaintiff, Deborah Leighton Glassford, cross-appealed from that portion of the judgment

"That the plaintiff is not entitled to any portion of the proceeds from the sale of defendant's farm properties."

While this action was pending in the supreme court, the case of Gillespie v. Gillespie, 74 Ariz. 1, 242 P.2d 837, 839, was decided by this court and based on that decision, the defendant, William Alexander Glassford, filed his motion to dismiss the plaintiff's complaint on the ground that the trial court was without jurisdiction to enter any judgment in this cause.

The basis for the present action is the property settlement agreement between the plaintiff, Deborah Leighton Glassford, and defendant, William A. Glassford, which agreement was incorporated in the decree of divorce previously mentioned. The plaintiff's complaint, from which this appeal is taken, contains the title "Complaint for Accounting and Declaratory Judgment" and therein alleges:

"That this complaint for declaratory relief is the only adequate and speedy remedy available to the plaintiff to determine her rights in this matter and to prevent a multiplicity of suits."

And among other things the relief requested of the court is:

"That this court declare the mutual legal rights and duties of each of the.

parties hereto under said property settlement agreement incorporated in the divorce decree of this court dated October 1, 1946."

We held in the case of Gillespie v. Gillespie, supra, quoting from 27 C.J.S., under the title of Divorce, § 301, page 1159:

" * * *. 'The mere approval of a property settlement in the divorce decree does not operate to make it a part of, and enforceable as, a decree of the court; but if the language of the agreement shows an intent to make it part of the divorce decree, and the agreement is actually incorporated in the decree, the provisions of the agreement may be enforced as an order of the court.' "

■ Reading Section 9 of the property settlement agreement between the parties involved in this action, hereinbefore quoted, it is clear that it was the intention of the parties that it should become a part of the decree and that the court make it a part of the decree by reference thereto.

Therefore, the property settlement is enforceable not as an agreement but as a decree of the court.

In Gillespie v. Gillespie, supra, we quoted with approval from Hough v. Hough, 26 Cal.2d 605, 160 P.2d 15, the following:

"A decree which incorporates an agreement is a decree of court nevertheless, and as soon as incorporated into the decree the separation agreement is superseded by the decree, and the obligations imposed are not those imposed by contract, but are those imposed by decree, and enforceable as such. Once the contract is merged into the decree, the value attaching to the separation agreement is only historical."

We have, therefore, conclusively settled that once the contract is merged into the decree, any action taken must be based upon the decree of the lower court and not based upon the contract of the parties.

In effect, the plaintiff in this action sued for declaratory judgment for the construction of a valid judicial decree of a court of competent jurisdiction and not as an action on the contract of the parties.

The first question for our determination is whether the plaintiff can maintain an action of this nature under our declaratory judgment statute, Section 27–702, A.C.A. 1939, which reads:

"Person interested or affected may have declaration.—Any person interested under a deed, will, written contract or other writing, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder. A contract may be construed either before or after there has been a breach thereof."

It will be noticed that the statute does not contain the words "judgment or decree" nor does it by implication include such terms. It is the plaintiff's belated position that this is an action on the decree and contends that there can be no question as to the jurisdiction of one court to interpret the provisions in a judgment of another court of competent jurisdiction. The plaintiff in making this contention evidently overlooks the decision of this court in the case of Shattuck v. Shattuck, 67 Ariz. 122, 192 P.2d 229, 235, wherein we held:

"* * *. The act (declaratory judgment act) does not expressly or by implication authorize a court to entertain a proceeding to determine any questions of the construction or validity of a judgment or decree of a court of competent jurisdiction, or to declare the rights or legal relations of interested parties thereunder."

This view appears to be supported by the weight of authority as well as by 16 Am. Jur., Declaratory Judgments, section 23, page 295, which we quote with approval:

"* * *. The act is not intended to be used to elucidate or interpret judicial decrees or judgments already entered or to modify or declare rights thereunder. * * *."

It is not the purpose of our declaratory judgment statute to be a substitute for established procedure for review of decrees or appealable orders. Shattuck v. Shattuck, supra.

We quote, with approval, from the case of Ready v. Safeway Rock Co., 157 Fla. 27, 24 So.2d 808, at page 812, as follows:

"* * *. Nor should it (the Declaratory Statute) be so broadly construed as to make it a procedural juggernaut which would ride down and crush out other valuable well defined and time-proven equitable and statutory remedies. * * *"

It is our conclusion, therefore, that our declaratory judgment statute does not contemplate a declaration of one's status or rights under a decree of a court of competent jurisdiction and that, therefore, plaintiff has not established a right to a declaratory decree.

However, plaintiff is not without remedy. She may petition the trial court in the divorce action for a determination of the amount now due under the provisions of the decree of divorce.

Judgment reversed, with directions to dismiss plaintiff's complaint.

STANFORD, C. J., and PHELPS, LA PRADE and UDALL, JJ., concur.

Justice DUDLEY W. WINDES being disqualified, the Honorable J. MERCER JOHNSON, Judge of the Superior Court of Pima County, was called to sit in his stead.