351 P.2d 179

Helen P. SIMPSON, Petitioner,

v.

SUPERIOR COURT OF The State of ARI-
ZONA, IN AND FOR the COUNTY OF
PIMA, and Herbert F. Krucker, Judge
thereof, Respondent,

and

Donald H. Simpson, a/k/a Don H. Simp-
son, Real Party in Interest.

No. 7046.

Supreme Court of Arizona.

April 13, 1960.

William H. McBratney, Conner, Jones & Murphy by James M. Murphy, Tucson, for petitioner.

Udall & Udall, Tucson, for respondents.

BERNSTEIN, Justice.

This prohibition proceeding presents the question whether on an application to modify a divorce decree the superior court has jurisdiction to reduce the support and maintenance payments for the wife where these payments were fixed in a separation agreement which is incorporated but not merged in the decree.

On August 13, 1956, Helen P. Simpson (hereinafter called the "wife") and Donald H. Simpson (hereinafter called the "husband"), who were then married but living apart, entered into a "Property Settlement Agreement" (hereinafter called the "Agreement") which, among other things, divided the community property and provided that the husband pay to the wife "as and for her support and maintenance" a fixed sum per month. These payments, scheduled since August 1958 in the sum of $1,350 per month, are to "terminate only on the death of either party."

Paragraph 13 of the Agreement provides:

"In the event that an action for divorce is instituted at any time hereafter by either party against the other in this or any other state or country, the parties hereto agree to be bound by the terms of this Agreement and that this Agreement shall not be merged in any decree or judgment that may be granted in such action but shall exist apart and aside from any decree of court and be

binding upon the parties hereto, provided, however, that nothing in this Agreement shall be construed to prevent any such decree or judgment in any such divorce action from incorporating in full the terms of this Agreement and in order to protect the remedies available to the wife by reason of the existence of a decree of court, husband further agrees that in the event either of the parties shall hereafter institute an action for divorce all the terms and provisions of this Agreement will be incorporated into the decree of court and the husband furthermore agrees that he will not at any time thereafter petition the court for any revision, modification or amendment of such decree."

On September 13, 1956, the Superior Court of Pima County entered a decree of divorce in an action commenced by the wife, and ordered

"that the property settlement agreement heretofore entered into between the plaintiff and the defendant on the 13th day of August, 1956, be and the same is hereby approved, ratified and confirmed, and the executed copy thereof attached to this decree of divorce is made a part hereof with the same force and effect as though fully set forth herein."

On January 15, 1960, the Superior Court, on application of the husband and after a hearing, made a minute entry which ordered that the divorce decree be modified "reducing the amount of support payments to the Plaintiff [wife] from $1,350 per month to $800 per month."

Thereafter, the wife petitioned this Court for an original writ of prohibition to restrain the superior court from taking any further proceedings in this matter and to declare as a nullity the order modifying the divorce decree. This Court has heretofore issued an alternative writ of prohibition staying all further proceedings in the superior court.

█ We hold, first, that a writ of prohibition is a proper remedy herein if the superior court was without jurisdiction to modify the support payments provided in the original decree. Cummings v. Lockwood, 84 Ariz. 335, 327 P.2d 1012; cf. Van Ness v. Superior Court, 69 Ariz. 362, 213 P.2d 899. In Cummings v. Lockwood, supra, a permanent writ of prohibition was issued against the superior court which had revised alimony payments contained in a divorce decree which this Court held could not be modified. The application for the writ was not considered untimely even though the petitioner there, as here, waited until after the superior court had held a hearing and had modified the decree.

The power of a superior court to direct the husband in a divorce proceeding to support the wife is contained in Article 2, Chapter 3 of Title 25 of our statutes. A.R.S. § 25-315 empowers the court "in its discretion" to require the husband to pay as alimony money necessary "for support and maintenance of the wife" during pendency of an action for divorce. Subdivision A of A.R.S. § 25-319 permits the court in the final judgment of divorce to "direct the husband to pay to the wife such amounts as are necessary for support and maintenance of the wife * * * as may be necessary or proper." Under A.R.S. § 25-321 "[t]he court may from time to time after entry of final judgment, on petition of either party, amend, revise and alter the portions of the decree which relate to payment of money for the support and maintenance of the wife * * * as may be just * * *."

■ The above provisions make it clear that, at least in the absence of an agreement between the parties, the court has full power, subject to review on appeal by this Court (A.R.S. § 25-351), to fix, and thereafter under proper circumstances to modify, the amount of the payments to be made by the husband for the support and maintenance of the wife. Similarly, where the parties have entered into an agreement which is incorporated and merged in the decree, the court may modify the support provisions for the wife. See Gillespie v. Gillespie, 74 Ariz. 1, 242 P.2d 837. Indeed, no action may be maintained on a *contract* which is deemed to have been merged in the divorce decree. See Glassford v. Glassford, 76 Ariz. 220, 262 P.2d 382; Gillespie v. Gillespie, supra.

The wife contends that the superior court did not have power to modify the support payments in the decree; first, because the Agreement survived the decree, and, second, because the support payments are part of a property settlement and do not constitute alimony. We shall discuss each of these points in the context of this prohibition proceeding, which limits our inquiry to determining whether the superior court exceeded its jurisdiction by entering the order under review.

■ On the first point, we think it perfectly clear that the agreement did not merge in the decree. The parties expressly provided that the "Agreement shall not be merged in any decree or judgment * * * but shall exist apart and aside from any decree of court and be binding upon the parties hereto * * *." The decree, which made the Agreement "a part hereof", did not even purport to supersede the Agreement but merely "approved, ratified and confirmed" it. Thus, the instant Agreement is significantly different from the agreements involved in the Glassford and Gillespie cases, supra, because the agreements there did not provide, expressly or

impliedly, that they should survive, rather than be merged in, the decree.

The wife urges that because the Agreement survived the decree, the court was without jurisdiction to modify the support provisions stipulated in the Agreement. The superior court did not, however, modify the Agreement; it modified the decree. Accordingly, the power of the court to modify the Agreement is not presented in this prohibition proceeding. Even if it is assumed that the superior court could not modify the Agreement, it does not follow that the court was likewise without power to modify the decree or even those portions of the decree which incorporated provisions of the Agreement by reference.

The precise issue here presented was determined by the Court of Appeals of New York in Goldman v. Goldman, 282 N.Y. 296, 26 N.E.2d 265. There the husband and wife had entered into a separation agreement which was incorporated in the divorce decree entered by the court. Under New York law, the agreement did not merge in but survived the decree. Thereafter, on application of the husband, the trial court modified the divorce decree by reducing the amounts to be paid by the husband for the support of the wife and children. The Court of Appeals affirmed the modification, holding that whether the court could modify the agreement, it had the power to modify the decree. The Court distinguished the remedies available to enforce contractual obligations from the remedies provided by law to enforce the support provisions contained in the decree. The New York Court there stated:

"The court, in the exercise of its powers conferred by statute, directed the defendant to pay the sum which both parties, at that time, agreed would be a suitable provision for his wife and children. That direction might be enforced in manner provided by the statute, though the contractual obligation could not be so enforced; and might be modified thereafter by the court, though the contractual obligation could not be so modified without the consent of both parties. The plaintiff having invoked the power conferred upon the court by statute, to direct the defendant to make suitable provision for her support, the defendant may invoke the power of the court, conferred by that same statute, to modify its directions for 'the effect of the statute is to write a reservation into every final judgment of divorce.' Fox v. Fox, 263 N.Y. 68, 70, 188 N.E. 160. The direction contained in the judgment entered upon the plaintiff's motion must be read as if it included an express reservation that it might thereafter be annulled, varied or modified pursuant to statute. * * *

* * * * * *

"The parties might agree that the plaintiff should not lose the benefit of the defendant's contractual obligation by invocation of the power of the court to direct the defendant to pay the amount which he had voluntarily agreed to pay; but the parties could not confer upon the court jurisdiction or power which the court did not possess; nor could the parties by agreement limit the power conferred by statute. Upon this appeal we decide only that the power of the court to direct a husband to make suitable provision for the support of his wife is complemented by the power to annul, modify or vary the direction thereafter and that a party invoking the power of the court to give such direction cannot be heard to say that the direction so given is not subject to modification thereafter. We pass upon the effect of the separation agreement only so far as is necessary to support the conclusion that the agreement cannot and does not limit the power of the court conferred by statute. We point out here that the direction of the court that the defendant shall pay to the plaintiff a sum less than he agreed to pay does not relieve the defendant of any contractual obligation. The direction of the court may be enforced in manner provided by statute and the plaintiff may still resort to the usual remedies for breach of a contractual obligation if there has been such breach, but we do not now decide whether the parties intended that the contractual obligation of the defendant should survive where the court has modified a direction to the defendant to pay the sum fixed by contract." 26 N.E.2d at pages 268–269.

See also, Freeman v. Sieve, 323 Mass. 652, 84 N.E.2d 16; Howland v. Stitzer, 240 N. C. 689, 84 S.E.2d 167; Brady v. Hyman, Tex.Civ.App., 230 S.W.2d 342 and Hyman v. Brady, Tex.Civ.App., 230 S.W.2d 345.

■ The holding in the Goldman case, supra, is in accord with the general rule that "where a court has the general power to modify a decree for alimony or support, the exercise of that power is not affected by the fact that the decree is based on an agreement entered into by the parties to the action" (109 A.L.R. 1068. See also, 166 A.L.R. 675; Lindey, Separation Agreements and Ante-Nuptial Contracts, § 31, subd. 8B). As noted above, the courts of this State retain power to modify the decree in so far as it relates to payments for the support and maintenance of the wife (see A.R.S. § 25–321).

■ Further, the rule that the court in specifying support provisions in the original divorce decree is not bound by the agreement of the parties but will ascertain whether the agreement is fair and equitable (see Lindey, Separation Agree-

ments and Ante-Nuptial Contracts, § 31, subds. 7A, 7B; Smith v. Smith, 71 Ariz. 315, 227 P.2d 214; Roden v. Roden, 29 Ariz. 398, 242 P. 337, rehearing denied 29 Ariz. 549, 243 P. 413), is consistent with our holding herein that the survival of an otherwise valid separation agreement does not deprive the court of power to modify the decree. Nor does the fact that the parties have agreed not to petition the court for a modification of the decree affect the court's jurisdiction; for as stated in Gillespie v. Gillespie, supra, 74 Ariz. at page 6, 242 P.2d at page 840:

"In 27 C.J.S. Divorce § 238, p. 983, the following is said as to the court's power and right to modify an alimony decree:

" ' *   *   * it has been held that neither the court itself, *nor the parties,* can divest the court of the power given it by statute to modify a decree granting permanent alimony.' (Emphasis ours.)"

See, to the same effect, 27A C.J.S. Divorce § 238, pages 1113–1114.

■ The wife's second point is that the monthly payments for her support and maintenance are not alimony but are part of a property settlement and, accordingly, cannot be modified by the courts. The wife contends, first, that because the agreement provides that the payments are to continue during the joint lives of herself and her former husband, and are not to terminate upon her remarriage, the payments cannot properly be considered alimony. We reject this contention on two grounds.

First, as was pointed out in Gillespie v. Gillespie, supra, 74 Ariz. at pages 5–6, 242 P.2d at page 840, the statutory provision which authorizes modification of divorce decrees (although headed by a title which includes the term "alimony") does not use the word "alimony" but refers to the wife's "support and maintenance," which are the same words as are used in the instant Agreement (See A.R.S. § 25–321).

Second, we have been cited to, and have found, no authority which defines alimony so as to exclude from that term support payments which continue after the remarriage of the wife. On the contrary, "alimony" has been defined as an allowance for the wife's support and maintenance which may, in the case of permanent alimony, be ordered during her life or during the joint lives of the wife and husband. See Black's Law Dictionary, "Alimony"; Webster's New International Dictionary, "Alimony"; 3 Words and Phrases "Alimony"; Annotation, 48 A.L.R.2d 270; 17 Am.Jur., Divorce and Separation, §§ 560, 703; Gillespie v. Gillespie, supra, 74 Ariz. at page 5, 242 P.2d at page 839. We need not decide whether the wife's remarriage terminates the husband's duty under a divorce decree to make alimony payments,

because here the wife has not remarried. See Annotations, 48 A.L.R.2d 270, 318.

■ The wife's second contention is that the support and maintenance provisions are part of a property settlement and, thus, cannot be amended by the court. We recognize the rule set forth in Gillespie v. Gillespie, supra, 74 Ariz. at page 5, 242 P.2d at page 839:

"In order to give the lower court jurisdiction to modify the decree fixing a sum certain to be paid to the defendant [wife] as alimony, the alimony paid must not be a consideration for a property settlement since this would be the defendant's share in the property and not subject to modification by the lower court."

Accord: Johnson v. Johnson, 46 Ariz. 535, 52 P.2d 1162; cf. Glassford v. Glassford, supra.

■ A preliminary question, however, is whether the issue of the characterization of the support provisions as "alimony" or as a "property settlement" should be determined in this prohibition proceeding, which tests only the jurisdiction of the court below. We think not.

■ The determination of such issue should be made in the first instance by the superior court. That court must take into consideration all the relevant factors, including the provisions of the agreement between the parties, the circumstances under which the agreement was made, the nature and value of the community and personal property owned by and divided between the parties, the original divorce proceedings and the terms of the divorce decree sought to be modified. See Johnson v. Johnson, supra; Wesson v. Wesson, Mo.App., 271 S.W.2d 214. This Court's review of an issue which involves such legal and factual considerations should be instituted by an appeal based upon a complete record.

The following statement in Hough v. Hough, 26 Cal.2d 605, 160 P.2d 15, 20, provides additional support for holding prohibition to be an inappropriate procedure for review of the question here involved:

"It has been loosely stated generally in passing that the divorce court has no jurisdiction to modify a decree based upon a property settlement agreement. [citing cases] However, that does not mean that the court does not have jurisdiction on an application for modification to decide correctly or incorrectly whether the decree is based upon a property settlement agreement, and is not subject to modification, or is based upon alimony or support allowance covenants, and is subject to modification. That is one of the basic issues to be determined by the court in modification proceedings."

For the foregoing reasons we hold that the Superior Court of Pima County had

jurisdiction to modify the divorce decree herein by reducing the amount of support payments to the wife.

The alternative writ of prohibition heretofore issued is ordered quashed.

STRUCKMEYER, C. J., and PHELPS and JOHNSON, JJ., concur.

. UDALL, J., having disqualified himself, did not participate in the determination of this proceeding.