494 P.2d 408

**Claudette A. FLYNN, Appellant,**

**v.**

**John J. FLYNN, Appellee.**

**No. I CA–CIV 1447.**

Court of Appeals of Arizona,
Division 1,
Department B.

March 1, 1972.

Rehearing Denied March 28, 1972.

Review Denied May 31, 1972.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Harry J. Cavanagh and Jay M. Martinez, Phoenix, for appellant.

John J. Flynn, in pro. per.

EUBANK, Judge.

This is an appeal by the appellant-wife from a portion of an order entered by the Superior Court altering the original decree of divorce.

The parties were married in 1962, and during the course of their marriage they both executed a promissory note and second mortgage in the amount of $2000 on the family residence. The parties were divorced by a decree entered on January 10, 1969. The decree of divorce incorporated within it a property settlement agreement executed by the parties which provided *inter alia* that:

"28. In addition to all other obligations set forth in this Agreement, John J. Flynn agrees to assume and pay, as and when due, all debts and obligations of the parties incurred prior to December 5, 1968, regardless of the date of the statement. . . . Notwithstanding the above, John J. Flynn shall also pay the obligations listed on Exhibit G. . . ."

Exhibit G contained a list of 13 debts of the parties owed to various utilities, oil companies and department stores, among others. At the bottom of Exhibit G was the statement, "This list is not intended to include all bills covered by Paragraph 28 of the Agreement."

On January 23, 1970, the appellee-husband petitioned the Superior Court to alter, amend, clarify and modify the decree of divorce. In part, the petition prayed that the wife be required to pay all encumbrances on the house awarded her, which included the $2000 note and second mortgage. A show cause hearing was held and the court substantially granted the husband's prayer by ordering the wife to pay half the amount due on the note and second mortgage. The wife appealed from that portion of the order, raising the issue of whether the court could modify the decree and require the wife to pay half of the note incurred prior to December 5, 1968.

The appellee admits that the law is clear that ". . . the court lacks power to modify the provisions of a judgment and decree of divorce unrelated to child support or alimony.", citing Gillespie v. Gillespie, 74 Ariz. 1, 242 P.2d 837 (1952). However, he contends that the trial court does have the inherent power to clarify a judgment where it is ambiguous or where property of the parties was not disposed of by the decree. Appellee cites Rule 60(c), Rules of Civil Procedure, 16 A.R.S., in support of the latter proposition.

We have reviewed the property settlement agreement and we fail to see wherein it is either unclear or ambiguous. It appears to us to be an exceptionally well drafted agreement designed specifically to eliminate any ambiguities or future disagreements. Paragraph 6 of the Agreement states the purpose of the agreement as follows:

"6. The parties desire to enter into an agreement which will completely adjust and settle all of their rights concerning the marriage, the children, and their property. They intend this Agreement to be valid on the date on which it is signed regardless of whether or not a divorce shall be granted."

The agreement continues thereafter in detail and settles child custody, support, alimony, distribution of the real and personal property between the parties and imposes obligations for specific debts on each of them. It is true, as appellee argues, that the agreement did not specifically cover the note and second mortgage on the family home, which was awarded to the wife and which constitutes the subject matter of this appeal; however, a reading of the agreement from its four corners demonstrates that paragraph 28, *supra*, was designed as a "catch-all" provision to treat all debts and obligations not specifically covered elsewhere in the Agreement and incurred by the parties prior to December 5, 1968, as the appellee's financial obligation. The note and second mortgage was such a debt and in our opinion it is clearly appellee's obligation. See our opinion in Wick v. Wick, 14 Ariz.App. 127, 481 P.2d

298 (1971), and the Supreme Court's opinion, Wick v. Wick, 107 Ariz. 382, 489 P.2d 19 (1971) which vacated our opinion.

For the reasons heretofore stated, that part of the trial court's order of April 24, 1970, which reads as follows is reversed:

"FURTHER ORDERED that Claudette A. Flynn and John J. Flynn shall each pay $1,000 of the principal of the $2,000 promissory note and each shall pay 50% of the costs and attorneys' fees relating to the suit by O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears filed in the Superior Court of Maricopa County, cause no. C 228190, to collect the note owned by Russell Peabody; all interest owed on the $2,000 promissory note is to be paid by John J. Flynn."

We hold that the above obligation is the responsibility of the appellee-husband as provided by paragraph 28 of the Property Settlement Agreement incorporated into the decree of divorce.

JACOBSON, P. J., and CASE, Jr., J., concur.