539 P.2d 921
**Joseph C. LINCOLN, Appellant,**
v.
**Lesghinka E. LINCOLN, presently known as Lesghinka E. Wilson, Appellee.**
**No. I CA–CIV 2625.**

Court of Appeals of Arizona,
Division 1,
Department B.
Aug. 28, 1975.

Snell & Wilmer by Arthur P. Greenfield, Peter J. Rathwell, Phoenix, for appellant.

Burch, Cracchiolo, Levie, Guyer & Weyl by Daniel Cracchiolo, Phoenix, for appellee.

## OPINION

HAIRE, Chief Judge, Division 1.

The question raised on this appeal is whether the trial court erred in ruling that it lacked jurisdiction to modify the spousal maintenance and support provisions in a previously entered divorce decree.

The divorce decree in question was filed in 1959, and it incorporated two separate agreements entered into between the parties. One of these agreements was entitled "Property Settlement Agreement" and dealt entirely with the disposition of the parties' property. Included among its provisions was the following:

"7. In consideration for the Wife waiving and relinquishing any and all rights in property belonging to the parties as community property or to Husband as separate property, whether in the name of Husband alone or in the names of both Husband and Wife, Husband agrees to pay to Wife the aggregate sum of Forty-Five Thousand Dollars ($45,000.00) to be paid in the manner as follows:

Five Thousand Dollars ($5,000.00) upon the execution of this Agreement;

Five Thousand Dollars ($5,000.00) within sixty (60) days after the date hereof; and

The balance of Thirty-Five Thousand Dollars ($35,000.00) within 3 months after the date hereof."

The other agreement was entitled "Separation Agreement". This agreement recited that it was:

". . . the desire of the parties hereto to provide for the custody, support and maintenance of the minor children of the parties and for the support and maintenance of the Wife, during her life;"

The provision pertinent to the issues involved in this appeal reads as follows:

"2. Husband agrees to pay Wife for her support and maintenance the sum of $1,000 per month, commencing on the date hereof, and continuing until (a) the death of Wife, or (b) the remarriage of Wife, whichever event first occurs. If the parties are hereafter divorced and the Wife remarries, the alimony pay-

ments required to be paid by the Husband to the Wife shall be reduced to $833 per month, beginning with the first month following such remarriage of the Wife and continuing, regardless of any subsequent change in the marital status of the Wife, during her lifetime. In the event Husband should predecease Wife, the obligations imposed on Husband hereunder shall be binding on Husband's estate."

In the 1959 decree the court incorporated by reference the above-mentioned agreements, found that they were arrived at "fairly and equitably", and expressly approved and adopted them "as a proper disposition and determination of the rights of the parties."

In accordance with the terms of the Separation Agreement, the 1959 decree provided for support and maintenance payments for the wife as follows:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Joseph C. Lincoln shall pay to the defendant Lesghinka E. Lincoln as and for her support and maintenance the sum of One Thousand Dollars ($1,000) per month from the date hereof continuing until the death or remarriage of said Lesghinka E. Lincoln, whichever of said events first occurs, and it is further ORDERED, ADJUDGED AND DECREED that in the event Lesghinka E. Lincoln shall hereafter remarry, then that plaintiff Joseph C. Lincoln shall pay to said defendant Lesghinka E. Lincoln thereafter the sum of Eight Hundred Thirty-three Dollars ($833) per month until her death."

On August 26, 1971, the appellant (husband) filed his petition pursuant to A.R.S. § 25–321[1] seeking to modify the support and maintenance provisions of the decree. Due in part to discovery efforts by both parties, hearing on the husband's petition was delayed, and later, before any hearing had been held, the appellee (wife) also filed her petition invoking the jurisdiction of the court, seeking an upward modification of the support and maintenance provisions of the 1959 decree. Some eleven months later the matter finally came on for hearing. At that time, prior to the commencement of the hearing on the merits of the petitions, appellee's present counsel called as a witness the attorney who had represented appellee in the 1959 divorce proceedings. A fair summary of the witness's testimony is that the above-discussed agreements were part of one package; that if he (appellee's then attorney) had not concluded that the amounts specified as maintenance and support in the separation agreement were payable for life he would have wanted (in 1959) to take appellant's deposition and find out about all his property holdings; that there were certain tax advantages to appellant if he were able to deduct for income tax purposes the funds to be paid for appellee's support and maintenance; and, that otherwise the support and maintenance provisions would have been put in the Property Settlement Agreement.

After the witness's testimony, appellee's counsel presented an oral motion to dismiss upon the basis that the court had no jurisdiction to modify the support and maintenance provisions. The trial judge granted the motion, and although there is some confusion in the transcript as to the basis of the motion and the trial court's reasons for granting the same, a written order was subsequently entered stating that the basis for the dismissal was that "said sums designated as alimony in the original decree were rather in the nature of a property settlement agreement and that the court had no jurisdiction to modify the decree regarding those sums."[2]

---

1. Effective August 8, 1973, extensive revisions were made in the Arizona Marital and Domestic Relations Code. Unless otherwise specified, all statutory references in this opin-

ion are to the statutes in effect prior to August 8, 1973.

2. From the transcript it appears that the trial judge was of the opinion that inas-

The statutory provision which at the time of the hearing governed the trial court's power to modify spousal maintenance and support provisions in a divorce decree, read as follows:

"The court may from time to time after entry of final judgment, on petition of either party, amend, revise and alter the portions of the decree which relate to payment of money for the support and maintenance of the wife or the expenses of the proceedings, as may be just, and may amend, change or alter any provision of the judgment respecting the care, custody or maintenance of the children of the parties as circumstances of the parents and welfare of the children require." (A.R.S. § 25–321.)

■ This statute clearly gives the court power to modify "portions of the decree which relate to payment of money for the support and maintenance of the wife." However, problems have arisen in the application of this type of statute when the parties have entered into a settlement agreement which precedes and forms the basis of the divorce decree. See generally, Annot.: Divorce: Power Of Court To Modify Decree For Alimony Or Support Of Spouse Which Was Based On Agreement Of Parties, 61 A.L.R.3d 520. In such instances the contention is often made that the settlement provisions relating to division of property and the provisions relating to support constitute reciprocal consideration, and thus an integrated agreement is involved which cannot be modified in part. See Plumer v. Plumer, 48 Cal.2d 820, 313 P.2d 549 (1957). Arizona has recognized that spousal support and maintenance provisions in a decree are not subject to subsequent modification if the payments are in any part consideration for a property settlement, since such payment would in effect be the spouse's share of the property. Gillespie v. Gillespie, 74 Ariz. 1, 242 P.2d 837 (1952). Another contention often urged is that where the settlement agreement has provisions indicating that the support and maintenance payments are intended to be permanent and unmodifiable, the agreement is controlling and divests the court of its statutory modification power. This contention has been rejected by the Arizona courts. Simpson v. Superior Court, 87 Ariz. 350, 351 P.2d 179 (1960); Gillespie v. Gillespie, supra. In Simpson the court held that not even an express contractual provision prohibiting the husband from thereafter petitioning the court for modification could divest the court of its power under A.R.S. § 25–321 to modify the maintenance and support provisions of the decree. The fact that the decree and underlying agreement required the continuance of the wife's support and maintenance payments after her remarriage and until her death did not deprive the court of its power of modification. See Simpson, supra. Spector v. Spector, 94 Ariz. 175, 382 P.2d 659 (1963); authorities cited, Annot.; 61 A.L.R.3rd 520 at 575.

In both Gillespie and Simpson, supra, the Arizona Supreme Court was faced with a situation where, in one agreement, the parties had agreed on not only a disposition and division of their property, but also on maintenance and support payments for the wife. Therefore, in those decisions the court was faced with the problem of determining whether the maintenance and support payments were part of the consideration for the property settlement agreements. Here, we are not faced with such a problem. The record shows two completely separate agreements. The "Property Settlement Agreement" deals entirely with the settling of the parties' property rights, and the consideration for the relinquishments made therein by the wife is the

much as the parties in their contract had intended that the support and maintenance payments be "permanent" and not subject to modification, the trial court retained no jurisdiction to modify the payments.

husband's agreement to pay her a total of $45,000, to be paid in full within three months after the date of the agreement. On the other hand, custody and support questions are the subject of an entirely separate agreement entitled "Separation Agreement". In it, in consideration of the mutual convenants therein contained, the husband agreed to pay the wife the support and maintenance payments here involved. There are no material ambiguities in either of these agreements. Likewise, there is no ambiguity in the decree itself, as is readily apparent from its provisions quoted, *supra*.

 Apparently recognizing that the agreements and decree were clear and unambiguous on their face, appellee attempted to raise an ambiguity by parol testimony, which the trial court allowed. The appellant urges that the trial court erred in admitting this testimony which consisted of appellee's 1959 counsel testifying concerning his intentions in allowing appellee to sign the agreements. Although we attach little significance to this testimony insofar as concerns the modification question here involved, we agree that its admission violated the parol evidence rule. Appellee has not cited, nor has this court discovered, any authority which would support the admission of parol testimony to vary the completely unambiguous provisions of a decree and agreements of the nature here involved incorporated therein. In fact, the parol evidence rule is applicable to judgments and divorce decrees. *City of Glendale v. Skok*, 6 Ariz.App. 342, 432 P.2d 597 (1967); *Wiltbank v. Wiltbank*, 18 Ariz. 435, 162 P. 60 (1917). In *Simpson, supra,* the Arizona Supreme Court stated that in determining whether divorce payments were subject to modification:

"That court must take into consideration all the relevant factors, including the provisions of the agreement between the parties, the circumstances under which the agreement was made, the nature and value of the community and personal property owned by and divided between the parties, the original divorce proceedings and the terms of the divorce decree sought to be modified." 87 Ariz. at 358, 351 P.2d at 185.

We do not construe the above language as allowing the trial court to go outside the record involving the original proceedings where the original decree and the underlying agreements are completely free from ambiguity.

 Appellee urges that the appellant failed to object in the trial court, and therefore waived any error which might have occurred relating to parol evidence. The record does not support this contention. Prior to presentation of the witness's testimony, objections were reserved, and in subsequent motions filed in the trial court, appellant specifically urged his parol evidence objection.

 We hold that the parol evidence rule was applicable here, and that the question of whether the court had jurisdiction to modify the support and maintenance payments should have been determined as a matter of law in appellant's favor.[3] Having arrived at this decision, we need not consider appellant's contentions that, in any event, the trial judge deprived him of any opportunity to present evidence on the jurisdictional issue.

The order dismissing appellant's petition is reversed, and the matter is remanded for further proceedings consistent with this opinion.

JACOBSON, P. J., Department B, and EUBANK, J., concur.

---

3. We express no opinion as to whether any modification of the decree would, *ipso facto*, affect the parties' rights and obligations pursuant to the underlying agreements. *See Simpson, supra.*