## Craig v. Craig

*Donald W. Grieshober*, for plaintiff.
*Stephen H. Hutzelman*, for defendant.

NYGAARD, *J*. April 8, 1983 — Plaintiff has filed an action pursuant to Section 506 of the divorce Code, Act 26 of 1980, for the enforcement of a foreign divorce decree. Plaintiff, Lessie M. Craig, resides in Tucson, Arizona, and obtained a divorce on September 27, 1982 in the Superior Court of the State of Arizona, in and for the County of Pima.

On December 2, 1982, this court pursuant to plaintiff's petition, ordered that the office of the prothontary record the decree and the attached settlement agreement. The order also established that the entire matter should be heard before this court.

A hearing was held on February 11, 1983. At issue primarily during the course of the hearing were the provisions contained in paragraph 5 of the Support Agreement, quoted as follows:

5. SPOUSAL MAINTENANCE. Thomas shall make the following payments to Lessie for her support and maintenance:

a. So long as she is living and does not remarry, the sum of $1,250.00 a month, commencing April 1, 1982;

b. The aforesaid sum shall be payable not later than the 15th day of the month.

c. So long as she does not remarry and in addition to the foregoing payments, Thomas shall pay all of Lessie's medical, dental, surgical, nursing and hospital expenses.

Section 506 of the Divorce Code, entitled "Enforcement of Foreign Decrees," provides that whenever a person subject to a valid decree of a sister State, "is found within this Commonwealth," the obligee may petition the Court to register and enforce the decree of the sister State. Section 506 further provides that upon registration and adoption, remedies for collection shall be the same as remedies for the collection of a Pennsylvania support order.

Defendant first attacks the petition claiming that this court lacks jurisdiction to attach the defendant's wages pursuant to Section 506. The defendant relies upon the fact that the defendant, who is a resident of the State of New York, is not really "found within Pennsylvania." Defendant works on a ship, which is docked in Erie, while it is being overhauled for shipping on the Great Lakes. Defendant claims that this is a mere temporary presence and does not amount to being "found within the State."

The court rejects this argument. It is the opinion of the court the wording of Section 506 is designed specifically to cover just such situations as this. The legislature did not use the terms "domicile" or "residence." Instead, they used the word "found." We specifically hold that whenever a person or property is literally found in this state and if this court otherwise has obtained proper jurisdiction over the person or property, this court may order enforcement of decrees of sister states.

Defendant next argues that plaintiff did not follow the procedure mandated Section 506 of the Divorce Code. The court also rejects this contention. Section 506 requires that the person seeking adoption of the decree, petition the Court to have the decree registered and enforced in Pennsylvania. This was done. The rule further provides that the obligor shall have certain defenses available to him. This then requires a hearing. This procedure was properly followed. Plaintiff did petition this court for adoption and registration of the decree, and a hearing was held on February 11, 1983, which hearing shall be concluded by this opinion and its order.

Defendant claims that because the court's order makes reference to Title 42, the Uniform Enforcement of Foreign Judgments Act 42 Pa.C.S.A. §4306, that this constitutes an election by plaintiff to proceed under that act and not under Section 506. The court also rejects this argument. The petition is entitled "Petition under Section 506 of Divorce Code, Act 26 of 1980 for Enforcement of Foreign Decree." The Affidavit of Service states that the defendant was served with a "Petition under Section 506 of Divorce Code, Act 26 of 1980 for Enforcement of Foreign Decree." There is no mistake that the plaintiff was proceeding under the Divorce Code. Thus, the court holds that the appropriate procedure was followed, plaintiff did not make any sort of fatal election merely because the order contains a reference to Title 42. Holding thus, the court also rejects defendant's other objections regarding procedural defects pursuant to Title 42.

Defendant next claims that the Arizona decree is void due to fraud, or is subject to modification due to changed circumstances. Plaintiff argues that this decree is a final judgment of the courts of the State

of Arizona and entitled to full faith and credit under the Constitution of the United States.

The fraud argument is apparently predicated upon an allegation of reconciliation and concomitant nullification of the agreement pursuant to Arizona Law. Smith v. Smith, 71 Ariz. 315, 227 P2d 214 (1951). However, the testimony only shows that both parties resided in their jointly owned home during the summer months of 1982. Plaintiff further testified that they did not reconcile and did not live "as husband and wife." Consequently, the court finds that this short residence was not a reconciliation; that the agreement was thus not terminated; and subsequent incorporation of this agreement into the decree is not fraud. Further, this challenge to the validity of the decree by virtue of the reconciliation is not timely filed. A challenge to the validity of the decree should have been taken by appeal from its entry. Had the defendant desired to appeal from the entry of the judgment, he was required to do so within sixty days from the entry of the decree, Arizona Rules of Civil Procedure, 16 A.R.S. Rule 73(b)(1). Having failed to file on appeal within the time permitted by law, we hold that the judgment having become final is res judicata and conclusive upon the defendant.

The decree, however, is capable of being modified. It can only be modified if the laws of the State of Arizona permit such modification.

"Arizona has recognized that spousal support and the maintenance provisions in the decree are not subject to subsequent modifications if the payments are in any part consideration for a property settlement, since such would in effect be the spouse's share of the property. Gillespie v. Gillespie, 74 Ariz. 1, 242 P2d 837 (1952); Lincoln v. Lincoln, 539 P.2d 921 (1975).

The consideration in this agreement is stated as follows:

"In consideration of the mutual covenants and agreements contained herein, and for other good and valuable consideration, Lessie and Thomas agrees to follows."

The agreement then goes on to settle such things as separation, debts and obligations, property distribution, spousal maintenance, real estate and disposition of property.

Where, however, the support agreement calls for both support and maintenance in one paragraph, and a property settlement the other, and the two appear to be mutually independent, the maintenance is modifiable upon a showing that the circumstances are substantially changed on a continuing basis. Gillespie v. Gillespie, 242 P.2d 837 (1952). While there is some mutuality of consideration, an explanation of the entire agreement leaves the court to conclude that the alimony in this amount is not consideration for the other concessions in such areas as property, etc. Thus, it is in this respect modifiable.

Arizona Laws A.R.S. 25 §327 provides as follows:

A. Except as otherwise provided in Subsection F of §325-317, the provisions of any decree respecting maintenance or support may be modified only as to installments accruing subsequently to the motion for modification and only upon a showing of changed circumstances which are substantial and continuing. . . .

Thus, while the court concludes that the entry of the decree is proper, and the procedure employed by the plaintiff herein is proper, Arizona law permits reconsideration of the amount and this court must now go on to consider whether the Arizona decree

must be modified because of "changed circumstances which are substantial and continuing."

The testimony reveals that the defendant, during the year immediately preceding the preparation of the settlement agreement, earned approximately $60,000. During 1982, defendant earned income from his union "vacation plan," in the amount of $3,278; from Erie Marine, Inc., the sum of $10,174, from Litton Great Lakes Corp., the sum of $13,778; and from Unemployment Compensation, the amount of $3,420, for a total of $30,650 gross. Inasmuch as defendant's income has been reduced by approximately 50 percent and further inasmuch as the testimony revealed that the prospects for improvement in the immediate future are unlikely, the court concludes that this constitutes a substantial and continuing change in circumstances and is compelled to modify the amount of the maintenance by a factor of 51 percent.

Accordingly, we enter the following

## ORDER

And now, April 8, 1983, upon consideration of the plaintiff's petition and defendant's answer thereto, and hearing held on February 11, 1983, the court orders, adjudges and decrees as follows:

1. Defendant's petition to strike judgment is denied;

2. Judgment is entered on the Arizona divorce decree; and

3. From and after the dates of the filing of defendant's petition, December 28, 1982, plaintiff's support obligation is reduced by a factor of 51 percent. From and after December 28, 1982, defendant shall be required to pay alimony in the amount of $637.50 per month;

4. The wage attachment shall continue in the amount of $637.50 per month on the alimony and $500 per month to be applied on arrearage until the same has been paid in full; and

5. All other objections of defendant are denied.