793 P.2d 1116

**In re the Marriage of Gerald R. SHAUGHNESSY,**
**Petitioner/Appellee/Cross–Appellant,**

**v.**

**Frances L. SHAUGHNESSY,**
**Respondent/Appellant/Cross–Appellee.**

**No. 2 CA–CV 89–0138.**

Court of Appeals of Arizona,
Division 2, Department A.

Feb. 22, 1990.

Reconsideration Denied
March 29, 1990.

Review Denied July 3, 1990.*

---

* Corcoran, J., of the Supreme Court, was not present and did not participate in the determination of this matter.

Victoria Ann King, Tucson, for petitioner/appellee/cross-appellant.

John D. Kaufmann, Tucson, for respondent/appellant/cross-appellee.

## OPINION

HOWARD, Judge.

The parties appeal from an order modifying spousal maintenance obligations set forth by final decree in 1987. Four issues are raised on appeal. Appellant Frances Shaughnessy contends the trial court (1) erred in refusing to distribute as community property retirement benefits received by Mr. Shaughnessy for early retirement and (2) abused its discretion by reducing the amount of spousal maintenance established in the dissolution decree. Appellee Gerald Shaughnessy contends on cross-appeal that the trial court erred when it refused to (1) admit evidence concerning the construction of the decree's spousal maintenance provi-

sion and (2) establish a termination date for the payment of spousal maintenance.

## FACTS

In October 1987, a decree of dissolution of marriage was entered ending the parties' 36–year marriage. The decree allocated to Gerald: "Any and all retirement and/or pension benefits due from IBM" and required him to make Frances the "irrevocable beneficiary of the proceeds of Life Insurance Proceeds, current face amount $50,000.00, due from [Gerald's] current employer, IBM." Testimony indicated that this insurance policy terminated at the end of Gerald's employment with IBM.

In December 1988, Gerald voluntarily retired from his management position in exchange for a lucrative incentive package. He received twice his annual salary of about $68,000 plus $25,000 in bonuses. In addition, he received a $25,000 life insurance policy under which his current wife was named beneficiary.

Frances petitioned for an order to show cause which was combined with a review hearing provided for in the decree.[1] After a hearing on these issues, the trial court reduced Gerald's spousal maintenance obligation from $2,000 per month to $1,000 per month upon a finding of "continuing and significant changes of circumstance as to [Gerald's] ability to earn income." Moreover, the trial court refused to grant Frances a portion of the retirement benefits Gerald had received from IBM because the decree clearly established that these benefits were the sole property of Gerald. This appeal followed.

## DISCUSSION

██ Frances first contends that the trial court erred in disallowing her community property rights to the IBM retirement benefits. We disagree.

The decree states that Gerald is entitled to "[a]ny and all" benefits regarding his retirement and subsequent pension from IBM. This provision clearly means that Gerald's rights to the incentive payments are free from any community property claim Frances may otherwise have had. Absent a claim based on 16 A.R.S. Rules of Civ.Proc., Rule 60(c), the decree with respect to property disposition is final. A.R.S. § 25–327; *Schmidt v. Schmidt*, 158 Ariz. 496, 763 P.2d 992 (App.1988). The record indicates that the agreement as mutually agreed upon by Gerald and Frances, that both parties were represented by counsel and that the trial court subsequently adopted the settlement. We therefore can find no reason to reverse the trial court based on this contention. However, we are in agreement with Frances' next contention that the trial court abused its discretion by ordering a reduction in the amount of spousal maintenance established in the decree.

██ An order for spousal maintenance is binding on the trial court unless it is unfair. *Marquez v. Marquez*, 132 Ariz. 593, 647 P.2d 1191 (App.1982). The standard for modifying spousal maintenance is whether there are substantial and continuing changed circumstances which would affect one's ability to pay spousal maintenance. A.R.S. § 25–327(A). Ability to pay spousal maintenance is to be determined by earning capacity rather than the amount of voluntarily reduced income. *Ellis v. Ellis*, 262 N.W.2d 265 (Iowa 1978). Voluntary retirement does not, in and of itself, provide grounds for reduction of spousal maintenance. See *Reeves v. Reeves*, 146 Ariz. 471, 706 P.2d 1238 (App.1985); *Servies v. Servies*, 524 So.2d 678 (Fla.Dist.Ct.App. 1988); *Ward v. Ward*, 502 So.2d 477 (Fla. Dist.Ct.App.1987); *Huber v. Huber*, 527 So.2d 382 (La.Ct.App.1988); *Smith v. Smith*, 419 A.2d 1035 (Me.1980); *Villano v. Villano*, 98 Misc.2d 774, 414 N.Y.S.2d 625 (1979); but see *McFadden v. McFad-*

---

1. The decree provided that the court would hold a review hearing on October 21, 1988, to consid-er "the respective financial and emotional conditions of the parties."

**452**

*den,* 386 Pa.Super. 506, 563 A.2d 180 (1989). The only evidence of change was Gerald's early retirement and reduction of income. There was no evidence that appellee's early retirement was forced or involuntary.

Frances also contends the trial court abused its discretion by not ordering Gerald to name her as the beneficiary of the insurance policy given to him as part of his early retirement package. She argues that her right to the new policy's proceeds stems from her rights set forth in the decree to be "irrevocable beneficiary" of the policy furnished by IBM during employment. However, the record indicates that his policy terminated upon Gerald's retirement. The decree provides no right to be named beneficiary of the new policy, nor can one be implied. We will not disturb the plain meaning of this provision.

### CROSS–APPEAL

In his cross-appeal, Gerald argues that the court abused its discretion in refusing to admit the testimony of his former lawyer. The nature of the testimony would have alleged that part of the amount established in the decree for spousal maintenance was to be used to equalize the property disposition of the parties.[2]

This testimony however, would have violated the parole evidence rule and this was clearly inadmissible. *Lincoln v. Lincoln,* 24 Ariz.App. 447, 539 P.2d 921 (1975). Therefore, we find no abuse of discretion by the trial court.

Gerald's final contention is that the trial court abused its discretion in failing to set a specific date when spousal maintenance would terminate. We do not agree. The decree provides that spousal maintenance will continue until Frances "dies or remarries whichever is sooner." This provision comports with A.R.S. § 25–327(B) and thus we do not find any error on the part of the trial court.

Based on the above discussion we vacate that portion of the judgment which modi-

fies the spousal maintenance and remand with directions to reinstate the original amount pursuant to the decree. Otherwise, the judgment is affirmed.

ROLL, P.J., and HATHAWAY, J., concur.

---

2. Spousal maintenance is not to be used as a vehicle to settle property interests between the parties. See *Buttram v. Buttram,* 122 Ariz. 581, 596 P.2d 719 (App.1979).