690 P.2d 134

Karen YOUNG, Plaintiff-Appellant,

v.

Donald K. BURKHOLDER, Defendant-Appellee.

No. 1 CA–CIV 6365.

Court of Appeals of Arizona, Division 1, Department A.

Sept. 27, 1984.

Miller, Mark & Simon, Ltd. by Leonard J. Mark, Phoenix and Larry W. Denslaw, Tempe, for plaintiff-appellant.

Minkler & Kirschbaum by Charles E. Cruise, Joel R. Kirschbaum, Phoenix, for defendant-appellee.

## OPINION

BROOKS, Presiding Judge.

The issue in this appeal is whether the property settlement agreement entered into by the parties prior to the dissolution of their marriage merged in the decree of dissolution so that it is no longer separately enforceable as a contract. Appellant Karen Young brought suit for breach of contract against the appellee, Donald K. Burkholder, asserting that Burkholder had breached the settlement agreement by refusing to pay for the college expenses of one of the children of the parties who had attended college after reaching the age of majority. Burkholder filed a motion to dismiss the complaint for failure to state a claim urging that the settlement agreement had merged in the court's final decree of dissolution. However, both parties submitted affidavits which were not excluded by the court, thus requiring that the motion to dismiss be treated as a motion for summary judgment. *See* Rule 12(b), Arizona Rules of Civil Procedure. Young countered with an oral motion for partial summary judgment.[1] The trial court denied Young's motion for partial summary judgment and granted Burkholder's motion dismissing the complaint and this appeal followed. Young's position on appeal is that no merger occurred, or, that at the very least, a fact question is presented as to whether a merger occurred which should have precluded summary dismissal of the contract action.

On February 28, 1974, the parties entered into the settlement agreement which is the subject of this appeal. In addition to the monthly support payments for the minor children, Burkholder agreed to "pay up to four (4) years total college expenses for each minor child should they desire to attend college." Paragraph 10 of the agreement provided:

This Agreement shall be binding upon execution; however, no provisions hereunder shall be effective until May 31, 1974; and irrespective of whether either of the parties secures a decree of dissolution, this Agreement in whole or in part shall be binding upon the parties hereto and upon their agents, employees, representatives, heirs, executors, administrators, successors and assigns.

Paragraph 17 of the agreement provides:

The parties hereto understand, covenant, and agree that this Agreement shall be submitted for approval to the Superior Court of Arizona, in and for the county of Maricopa, in event an action for dissolution is filed and that at the sole request of the moving party with the approval of the Court, this Agreement shall be incorporated by the said Court in the Judgment and Decree of Dissolution, the same as if fully set forth therein. This Agreement is and shall be considered strictly as an agreement settling and adjusting their mutual rights and obligations and their rights respecting property, and the same being the free and voluntary act of each of the parties hereto.

Thereafter, on May 31, 1974, the parties obtained a dissolution of their marriage. The decree of dissolution referred to the separation agreement as follows:

The Court finds ... the spouses have agreed to a written property settlement agreement dated the 28th day of February, 1974, a signed copy of which has been filed with this Court and which is hereby incorporated by reference herein setting forth the disposition of the property and terms of support which the Court finds fair and reasonable.

▬ It is clear that the superior court's continuing jurisdiction to enforce child support is limited to minor children. A.R.S. § 25–327. *Savage v. Thompson,* 22 Ariz.App. 59, 62, 523 P.2d 110, 113 (1974). Since the college expenses for which Young is seeking payment were incurred

---

1. There is nothing in the record showing the substance of Young's oral motion for summary judgment or partial summary judgment. Presumably, it was on the merger question alone since the record contains no facts as yet which would have allowed the trial court to determine a particular award of a money judgment to Young.

after the child was no longer a minor, she can obtain enforcement of the provision only if she is entitled to maintain an action in contract. The question of whether Young's action for breach of contract was properly dismissed depends upon a determination of whether the settlement agreement of February 28, 1974, was merged in the subsequent decree of dissolution. If it was, there existed no agreement upon which Young's action for damages could be maintained. If no merger occurred, then the agreement continued to exist and could be sued upon. *Marshick v. Marshick*, 25 Ariz.App. 588, 589, 545 P.2d 436, 437 (1976).

When faced with this question, the Arizona courts have repeatedly held that whether or not a property settlement agreement is merged in the decree of dissolution depends on the intention of the parties and of the court. E.g., *Marshick v. Marshick*, 25 Ariz.App. 588, 590, 545 P.2d 436, 438 (1976). In many instances where the question of merger has arisen in Arizona case law, the intention of the parties and of the court has been clear from the language of the agreement and the decree. Each of the parties to this appeal argues that the language of the agreement and the decree supports his or her position on the merger issue. We therefore examine the relevant portions of the agreement and the decree to determine if the matter can be determined as a matter of law.

■ Burkholder argues that since the agreement provided that it could be incorporated in a final decree and since the trial court in fact incorporated the agreement, merger obviously occurred. This conclusion depends on a finding that merger *necessarily* occurs in every instance when a property settlement is "incorporated" in a decree. Although isolated statements in a few Arizona cases may give this impression, see, e.g., *Earley v. Earley*, 6 Ariz. App. 110, 430 P.2d 456 (1967), it is abundantly clear to us that the word "incorporation" is not synonymous with the word "merger" and that merger does not necessarily occur in every instance in which in-

corporation of an agreement into the decree takes place. In *Ruhsam v. Ruhsam*, 110 Ariz. 326, 518 P.2d 576, as supplemented in 110 Ariz. 426, 520 P.2d 298 (1974), the Arizona Supreme Court pointed out that incorporation of an agreement into a decree is sometimes done merely "to identify the agreement so as to render its validity res judicata in any subsequent action based upon it" rather than to make the agreement a part of the decree. This distinction between the two purposes for incorporating an agreement into a decree was expressed in greater detail by the California Supreme Court in *Flynn v. Flynn*, 42 Cal.2d 55, 265 P.2d 865 (1954), a case cited with approval by the Arizona Supreme Court in *McNelis v. Bruce*, 90 Ariz. 261, 271–72, 367 P.2d 625, 632 (1961). In *Flynn v. Flynn*, the California court explained:

[I]t is first necessary to determine whether the parties and the court intended a merger. If the agreement is expressly set out in the decree, and the court orders that it be performed, it is clear that a merger is intended. On the other hand, the parties may intend only to have the validity of the agreement established, and not to have it become a part of the decree enforceable as such. Whether or not a merger is intended, the agreement may be incorporated into the decree either expressly or by reference. If a merger is not intended, the purpose of incorporation will be only to identify the agreement so as to render its validity res judicata in any subsequent action based upon it. If a merger is intended, the purpose of incorporation is, of course, to make the agreement an operative part of the decree. *In the absence of an express order to perform all or part of the agreement, it may be difficult to determine whether or not a merger was intended.* (Citations omitted.) (Emphasis added.)

265 P.2d at 866.

■ In sorting out the criteria for determining whether incorporation of an agreement into a decree effects merger into the decree, we make several observa-

tions from the existing Arizona case law. If language in an agreement shows "an intent to make it part of the divorce decree and the agreement is actually incorporated in the decree, the provisions of the agreement may be enforced as an order of the court," hence indicating merger has taken place. *McNelis v. Bruce*, 90 Ariz. 261, 271, 367 P.2d 625, 631 (1961). In *Helber v. Frazelle*, 118 Ariz. 217, 218, 575 P.2d 1243, 1244 (1978), the Arizona Supreme Court held that where an agreement provided that it could be incorporated in and become part of a decree and the agreement was in fact incorporated, it could be concluded that the parties intended the agreement to merge in the decree. On the other hand, where there is language in the agreement from which it is clear that merger is *not* intended, language "incorporating" the agreement into the decree merely identifies the agreement rather than merging it in the decree. *Ruhsam v. Ruhsam*, 110 Ariz. 326, 518 P.2d 576, supp. in 110 Ariz. 426, 520 P.2d 298 (1974).

Before analyzing the facts in the instant case to determine how the foregoing cases apply to them, we must also consider the effect of A.R.S. § 25–317(D), dealing with separation agreements in domestic relations cases, which was adopted in 1973 and which was not addressed by the court in the foregoing cases. A.R.S. § 25–317(D) provides that whenever a separation agreement is accepted by the court in a dissolution proceeding, except for instances in which the agreement is actually set forth in the decree, the agreement shall be "incorporated by reference" in the decree. Although the statute does not use the word "merger," it is clear that the statute provides for the two kinds of "incorporation" discussed in the case law; incorporation which merges the agreement in the decree and incorporation which merely identifies the agreement to give it res judicata affect and hence does not merge the agreement in the decree. A.R.S. § 25–317(D) provides:

> If the court finds that the separation agreement is not unfair as to disposition of property or maintenance, and that it is reasonable as to support, custody and visitation of children, the separation agreement shall be set forth or incorporated by reference in the decree of dissolution or legal separation and the parties shall be ordered to perform them. If the separation agreement provides that its terms shall not be set forth in the decree, the decree shall identify the separation agreement as incorporated by reference and state that the court has found the terms as to property disposition and maintenance not unfair and the terms as to support, custody and visitation of children reasonable.

█ The incorporation taking place under the first sentence of the statutory subsection causes merger to take place. No merger takes place when incorporation occurs under the second sentence. Pursuant to the statute, incorporation causing merger would be the rule and incorporation merely to identify the agreement would be the exception to the rule and would occur if "the separation agreement provides that its terms shall not be set forth in the decree." We also note that the language to be used by the court in referring to the agreement differs according to the purpose for the incorporation. In the instance where the agreement merges and becomes part of the decree, the "parties shall be ordered to perform [the terms of the separation agreement]." In the instance where merger does not take place, the decree is merely to state "that the court has found the terms as to property disposition and maintenance not unfair and the terms as to support, custody and visitation of the children reasonable."

We now look at the separation agreement and decree of dissolution in the instant case to determine whether the incorporation by reference of the agreement merged the agreement in the decree or merely identified it. While the agreement does not expressly provide that the terms of the agreement "shall not be set forth in the decree," the language in paragraph 17 does provide that the agreement shall be incorporated *only* at the request of the moving party and with the approval of the

court. By the specific terms of the agreement, the moving party was given the right to decide whether to request that the agreement "be incorporated ... in the judgment and decree of dissolution the same as if fully set forth therein."

■ There is no dispute that Young was the moving party, but she maintains in her affidavit that she never intended that the agreement be "merged" into the decree thus precluding its enforcement as a separate contract. She argues that this lack of intent is buttressed by the language of the agreement itself which repeatedly alludes to its finality and enforceability as a contract. She further argues that an intent to merge would be absurd in light of the fact that merger would render Burkholder's promise to provide a four year college education for the children unenforceable either as a separate contract *or* as part of the decree of dissolution.

Apart from the intent of the parties, we note that the decree is not clear as to whether or not merger was intended by the court since the parties were not ordered to perform the terms of the agreement as required by A.R.S. § 25–317(D). Thus, we cannot conclude positively from the language used by the court that it was not "incorporating" merely to identify the agreement. Since the written language of the agreement and the decree itself does not resolve the issue as a matter of law, the intent of the parties and of the court considered in light of the agreement and the surrounding facts and circumstances must be resolved. *Polk v. Koerner,* 111 Ariz. 493, 533 P.2d 660 (1975). Young argues that other provisions of the agreement resolve the question of whether the agreement was to remain separately enforceable, most noticeably paragraph 10 which provides for the agreement to be binding upon the parties "irrespective of whether either of the parties secures a decree of dissolution." Young points out that in *Ruhsam v. Ruhsam,* 110 Ariz. 326, 518 P.2d 576, supp. 110 Ariz. 426, 426–27, 520 P.2d 298, 298–99 (1974), the court found the following provision to indicate that the contract was intended to remain separately enforceable:

The efficacy of this agreement shall not be effected (sic) adversely, whether or not it is filed in such proceedings, but it shall continue to be, and maintained at all times to be, a binding and final agreement between the parties.

Young contends that this language is indistinguishable from paragraph 10 of the instant agreement and that she is, therefore, entitled to summary judgment. Burkholder argues that the language in paragraph 10 merely provided for the agreement to be binding and enforceable if a decree of dissolution was not obtained, but did not show an intention by the parties for the agreement to remain separately enforceable *after* a decree was entered. We find that this dispute over the meaning and interpretation of paragraph 10 only serves to highlight the fact that summary disposition of this case by the trial court was inappropriate.

Burkholder next contends that even if the intention of the parties regarding merger cannot be determined from the language of the agreement and the decree, it can be conclusively determined from the actions of the parties themselves. He argues that in the years immediately following the entry of the decree of dissolution, both parties treated the agreement as being part of the decree. He points out that Young, through a letter from her attorney, referred to the settlement agreement provisions as being provisions of the "decree." Young threatened to enforce a particular provision of the agreement with contempt, which can only be used to enforce a decree and not an agreement between the parties. In addition, the parties at one point modified the provisions for child visitation through a "Stipulation and Order Amending Decree." Burkholder appears to be arguing that if the agreement survived the decree, the parties could not have sought enforcement of the provisions as part of the decree and *a fortiori,* the agreement did not survive the decree. We do not agree.

In *Simpson v. Superior Court*, 87 Ariz. 350, 351 P.2d 179 (1960), the Arizona Supreme Court made it clear that the superior court, which has statutory power to modify support and custody provisions and enforce such provisions incorporated in a decree, is not deprived of this power even where the agreement survives the decree rather than being merged in it. Therefore, Young's request to modify or enforce the decree does not in itself establish that the agreement was not meant to survive the decree but is merely one factor for the trial court to consider along with all the other evidence in determining whether merger was intended.

As a final ground for upholding the trial court's ruling, Burkholder argues that the agreement obligates him to pay college expenses only when the children attend college while they are under the age of 18 years. Since Young's complaint was for expenses incurred by one of the children after the child reached the age of majority, Burkholder argues that the dismissal should be affirmed on that basis. As unreasonable as such an interpretation might appear, since the agreement specifically contemplates four years of college which can hardly be completed before a child is 18 years old, we find that this is also a question to be considered and resolved by the trial court on remand.

For the foregoing reasons, the order of dismissal is reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion.

GRANT and CONTRERAS, JJ., concur.