805 P.2d 415

**In re the Marriage of Elaine Louise AP-PELS–MEEHAN, Petitioner/Appellant,**

v.

**Johannes T. APPELS, Respondent/Appellee.**

**No. 2 CA–CV 90–0185.**

Court of Appeals of Arizona, Division 2, Department B.

Feb. 7, 1991.

Amy Z. Hubbell, Tucson, for petitioner/appellant.

Waterfall, Economidis, Caldwell, Hanshaw & Villamana, P.C. by Sandra Tedlock, Tucson, for respondent/appellee.

## OPINION

ROLL, Presiding Judge.

Petitioner Elaine Louise Appels–Meehan appeals from the trial court's dismissal of her petition for modification of spousal maintenance. For the reasons set forth below, we vacate and remand.

## FACTS

Petitioner, Elaine Louise Appels–Meehan, and respondent, Johannes T. Appels, were married February 21, 1959. On January 6, 1983, a decree of dissolution was issued and a property settlement and separation agreement (property settlement) was executed by the parties. The couple parented three children, the youngest of whom was born February 18, 1972. The property settlement stated in paragraph seven:

*SPOUSAL MAINTENANCE:* Husband shall pay to Wife, as and for spousal maintenance, the sum of FOUR HUNDRED AND NO/100 ($400.00) DOLLARS per month, due on the first day of each month commencing January 1, 1983, and continuing until the eighteenth birthday, legal emancipation or death of SONJA APPEALS, [sic] or the remarriage or death of Wife, whichever event occurs first.

The dissolution decree made the following reference to the property settlement:

[T]he attached Property Settlement and Separation Agreement heretofore entered into between the Petitioner and the Respondent on Jan. 6, 1983, be, and the same is hereby ratified, approved and confirmed, and by reference made a part of this Decree.

On January 19, 1990, one month before the couple's youngest child became 18 years of age, Elaine filed a petition for modification seeking extension of spousal maintenance. The trial court ruled that it lacked jurisdiction to consider the matter and dismissed Elaine's petition.

## ISSUES ON APPEAL

On appeal, Elaine argues that the trial court retained jurisdiction of the settlement agreement. Johannes argues that the trial court ruled correctly because (1) the settlement agreement never merged with the dissolution decree, (2) even if it did merge, A.R.S. § 25–319 was not enacted until 1987 and is not retroactive, and (3) in any event, the settlement agreement is not modifiable.

## STANDARD OF REVIEW

■ The standard of review for the granting or denial of a motion to dismiss is abuse of discretion. *State ex rel. Corbin v. Portland Cement Ass'n*, 142 Ariz. 421, 424, 690 P.2d 140, 143 (App.1984). Affidavits were attached to the motion to dismiss, and there is no indication that these were disregarded by the court. Accordingly, the motion to dismiss must be treated as a motion for summary judgment. Rule 12(b), Ariz.R.Civ.P., 16 A.R.S.; *Young v. Burkholder*, 142 Ariz. 415, 417, 690 P.2d 134, 136 (App.1984).

In reviewing summary judgment, this court views the evidence in the light most favorable to the party opposing the motion and all favorable inferences fairly arising from the evidence must be given to the opposing party. *Hill–Shafer Partnership v. Chilson Family Trust*, 165 Ariz. 469, 472, 799 P.2d 810, 813 (1990); *Wisener v. State*, 123 Ariz. 148, 149, 598 P.2d 511, 512 (1979). Summary judgment is appropriate where "the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense." *Orme School v. Reeves*, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990). The moving party must be entitled to judgment as a matter of law. *Gulf Ins. Co. v. Grisham*, 126 Ariz. 123, 124, 613 P.2d 283, 284 (1980); *Auto–Owners Ins. Co. v. Moore*, 156 Ariz. 184, 185, 750 P.2d 1387, 1388 (App.1988). Questions of law are re-

viewed *de novo*. *Tovrea Land & Cattle Co. v. Linsenmeyer*, 100 Ariz. 107, 114, 412 P.2d 47, 51 (1966). *Aldabbagh v. Dept. of Liquor Licenses*, 162 Ariz. 415, 418, 783 P.2d 1207, 1210 (App.1989).

### Merger

We first address whether the property settlement merged with the dissolution decree. If merger occurred, the court retains jurisdiction over spousal maintenance for the period that maintenance is awarded and the court, through its jurisdiction over the dissolution decree, may enforce the terms of the property settlement. A.R.S. § 25–317(D); *Young v. Burkholder*, 142 Ariz. at 419, 690 P.2d at 138; 3 C. Smith and I. Cantor, *Arizona Marriage Dissolution Practice* § 90 (1988). Johannes argues that it did not merge and therefore the only remedy of Elaine to assert her right to payments under the property settlement is pursuit of a breach of contract action. *Marshick v. Marshick*, 25 Ariz. App. 588, 590, 545 P.2d 436, 438 (1976).

■ Whether a property settlement has merged with a dissolution decree depends upon the intention of the parties and the court. *Young*, 142 Ariz. at 418, 690 P.2d at 137. However, a property settlement merges with a dissolution decree unless the settlement specifically provides otherwise.[1] A.R.S. § 25–317(D); *Young*, 142 Ariz. at 419, 690 P.2d at 138.

Incorporation by reference is not synonymous with merger. *Ruhsam v. Ruhsam*, 110 Ariz. 326, 328, 518 P.2d 576, 578 *as supplemented*, 110 Ariz. 426, 520 P.2d 298 (1974). Johannes argues that the dissolution decree clearly establishes that the property settlement did not merge with the decree. Specifically, Johannes argues that the dissolution decree statement that the property settlement "... is hereby ratified, approved and confirmed, and by reference

made a part of this decree" establishes non-merger, citing *Marshick, supra,* and *Simpson v. Superior Court In and For Pima County,* 87 Ariz. 350, 354, 351 P.2d 179, 182 (1960).

*Marshick* and *Simpson* are both distinguishable from the matter before us. In *Marshick* this court ruled that a post-nuptial property settlement incorporated in the dissolution decree did not merge with the decree and, accordingly, an action could be maintained on the property settlement itself. The property settlement expressly provided that it would not merge with any divorce decree. *Simpson* also involved property settlement language clearly indicating non-merger. In *Simpson,* the property settlement stated that the settlement would "not be merged in any decree or judgment ... but shall exist apart and aside from any decree of court and be binding upon the parties hereto...." 87 Ariz. at 353–54, 351 P.2d at 182.

■ In the matter before us, the property settlement makes no reference to merger. It does contain the following recitation:

> It is agreed that this property settlement and separation agreement is intended to be and is a full, complete and final settlement between the parties hereto.

This language, however, is not unequivocal on the issue of merger.

■ Johannes argues that the absence of a provision in the dissolution decree ordering the parties to perform the settlement agreement proves non-merger, relying upon A.R.S. § 25–317(D). Mere failure of the trial court to order the parties to perform in accordance with the terms of the property settlement, however, does not preclude merger from occurring. *Young, supra,* citing *Flynn v. Flynn,* 42 Cal.2d 55, 58, 265 P.2d 865, 866 (1954).

Johannes also relies upon two affidavits attached to his motion to dismiss. The

---

1. A.R.S. § 25–317(D) provides:

    If the court finds that the separation agreement is not unfair as to disposition of property or maintenance, and that it is reasonable as to support, custody and visitation of children, the separation agreement shall be set forth or incorporated by reference in the decree of dissolution or legal separation and the parties shall be ordered to perform them. If the separation agreement provides that its terms shall not be set forth in the decree, the decree shall identify the separation agreement as incorporated by reference and state that the court has found the terms as to property disposition and maintenance not unfair and the terms as to support, custody and visitation of children reasonable.

affidavits were signed by Johannes and Johannes' attorney at the time the property settlement was prepared. Both affidavits recite that Johannes intended that Elaine's right to spousal maintenance terminate upon occurrence of the first of the contingencies provided for in the settlement agreement. This affidavit is not a substitute for a specific provision in the property settlement that merger with the dissolution decree not occur.

The property settlement contains no language unequivocally precluding merger with the dissolution decree. Accordingly, under the general rule set forth in the first sentence of A.R.S. § 25-317(D), merger occurred.

### A.R.S. § 25-319(C)

■ Elaine argues that A.R.S. § 25-319 gives the court continuing jurisdiction over spousal maintenance awards. A.R.S. § 25-319(C) states:

> The court shall maintain continuing jurisdiction over the issue of maintenance for the period of time the maintenance is awarded.

A.R.S. § 25-319 is retroactive. *Schroeder v. Schroeder*, 161 Ariz. 316, 324, 778 P.2d 1212, 1220 (1989). As previously stated, the property settlement containing the spousal maintenance provision merged with the dissolution decree. Accordingly, the dissolution decree awarded spousal maintenance and the trial court has jurisdiction over spousal maintenance.

### Modification of Property Settlement

■ Finally, Johannes argues that notwithstanding merger of the property settlement and the dissolution decree, the property settlement precludes modification. Johannes' affidavit stated that when the property settlement was entered, he intended and understood that it could not be modified. No language in the property settlement, however, precludes subsequent modification.

In *Schroeder*, the spousal maintenance provision of the property settlement agreement contained similar contingencies as those found in the spousal provision in this case. That agreement included the contingency that "maintenance shall terminate forty-eight (48) months after the date of this agreement, the death of either party, or the order of a court of competent jurisdiction." The supreme court stated:

> [I]f a [spousal maintenance award] is silent as to modifiability, the trial court may, within the period of time periodic payments are decreed, modify the decree to either shorten or lengthen the term of periodic payments upon a showing of a substantial and continuing change of circumstances affecting the purpose underlying the original spousal maintenance order.

161 Ariz. at 323, 778 P.2d at 1219. The property settlement before us is silent as to modifiability and is therefore subject to modification within the limitations set forth in Schroeder.

### Attorneys' Fees

Elaine has requested an award of attorneys' fees pursuant to A.R.S. § 25-324. She emphasizes that this request is made regardless of the outcome of this action, and points out that the award of attorneys' fees in this type of action is not dependent upon prevailing. *Edsall v. Superior Court In and For Pima County*, 143 Ariz. 240, 247-49, 693 P.2d 895, 902-04 (1984). Johannes argues, however, that the trial court received no evidence and entered no findings regarding the financial condition of the respective parties. Johannes points out that such a finding is required before fees and costs can be awarded. A.R.S. § 25-324; *Reed v. Reed*, 154 Ariz. 101, 107-08, 740 P.2d 963, 969-70 (App.1987). We agree that the record before us is inadequate to make a determination as to which of the parties, if either, should bear the costs of litigating this matter.

### CONCLUSION

For the reasons set forth above, we vacate and remand.

FERNANDEZ, C.J., and HOWARD, J., concur.