NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

In re the Matter of:

CAMILLE SWANSON, *Petitioner/Appellant*,

*v.*

WYLIE CHRISTOPHER SWANSON, *Respondent/Appellee*.

BOBBY LIEB, *Special Commissioner/Appellee*.

No. 1 CA-CV 21-0621 FC
1 CA-CV 22-0116 FC
(Consolidated)
FILED 6-6-2023

Appeal from the Superior Court in Maricopa County
No.  FC2019-000376
The Honorable James N. Drake, Judge

**AFFIRMED**

COUNSEL

Camille Swanson, Phoenix
*Petitioner/Appellant*

Berke Law Firm PLLC, Phoenix
By Lori V. Berke, Anelisa Benavides
*Counsel for Respondent/Appellee Wylie Christopher Swanson*

Jennings Haug Keleher McLeod LLP, Phoenix
By John Browder, Michael H. Orcutt
*Counsel for Special Commissioner/Appellee Wylie Bobby Lieb*

---

## MEMORANDUM DECISION

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Daniel J. Kiley joined.

---

**M O R S E**, Judge:

¶1        Camille Swanson ("Wife") appeals several of the superior court's orders related to the dissolution of her marriage to Wylie Swanson ("Husband").  For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2        Husband and Wife were married in 2002.  They are the parents of three minor children.  All are domiciled in Arizona.

¶3        In February 2019, Wife filed a Petition for Dissolution of Non-Covenant Marriage, claiming the marriage was irretrievably broken with no prospect of reconciliation.

¶4        Two months later, Husband filed a motion seeking appointment of a psychologist to conduct a Comprehensive Family Evaluation ("CFE").  After initially opposing the motion, Wife stipulated to the appointment, and the court issued an order appointing Dr. David Weinstock to prepare the CFE.  Dr. Weinstock completed his report in June 2020.

¶5        When Wife filed her petition, the parties owned two pieces of real property—the marital home in Paradise Valley ("the Marital Home"), and an investment property located in Scottsdale ("the Condo").  At the beginning of the dissolution proceedings, the parties shared custody of their children by means of a "nesting" agreement whereby the children remained at the Marital Home while the parties alternated between the

Condo and the Marital Home in two-week intervals. This agreement continued until Wife obtained an Order of Protection against Husband which granted Wife exclusive use of the Marital Home. Husband claims Wife surprised him with the Order of Protection and that his inability to access the Marital Home prevented him from working and eventually resulted in termination of his employment.

¶6　　　　During discovery, Wife requested business and financial records from Husband to provide to David Cantor, a forensic accountant she retained to calculate Husband's income and value his business holdings. Husband provided some of the requested material but claimed he could not provide tax documents from 2018 or 2019 because the information he needed to file tax returns for these years was located in the Marital Home. Husband eventually filed the 2018 and 2019 returns in February 2021 and provided Wife a copy of his returns on May 10, 2021.

¶7　　　　Husband and Wife unsuccessfully attempted mediation in July 2020. Three months later, the parties agreed to a second mediation with binding arbitration to resolve any remaining issues. At that mediation, the parties used a series of oversized Post-It notes to memorialize how they allocated property between Husband and Wife. Husband and Wife both placed their initials on each of the Post-It notes.

¶8　　　　Following mediation, Wife moved to vacate arbitration, and the court set trial on the remaining issues. A month before the scheduled trial date, Wife moved to reopen discovery to supplement Cantor's expert report and depose Husband. The court denied the motion to reopen discovery but granted leave to depose Husband.

¶9　　　　After trial, the court issued a final decree. In its decree, the court adopted the Post-It notes from the November mediation as the basis for its division of the community property. It also granted the parties equal parenting time and joint decision-making authority with final decision-making authority to Husband.

¶10　　　　Two months later, pursuant to the parties' stipulation, the court appointed a parenting coordinator. Later that month, however, the parenting coordinator declined the appointment after failing to reach an agreement with Husband regarding fees.

¶11　　　　The court also appointed Bobby Lieb as real estate commissioner to sell the Condo and the Marital Home. Within the first month, Lieb began complaining to the court about Wife's conduct and interference with the sales of the community properties. Wife, in turn, filed

a motion to disqualify Lieb. The court denied Wife's motion and authorized Lieb to sign on Wife's behalf to accept an outstanding full-price offer on the Condo.

¶12        After Lieb accepted the offer on the Condo, Wife filed an emergency request for access to the property. The court denied the request, but Wife, a real-estate agent, accessed the lockbox and entered the property without permission.

¶13        Lieb complained of additional interference in the sale of the Marital Home and the court sanctioned Wife for 1% of the value of the property.

¶14        Wife filed a Notice of Appeal on December 23, 2021, and another on January 16, 2022. On January 27, 2022, Wife filed a motion to set aside judgment under Arizona Rule of Family Law Procedure ("Rule") 85(b)(2)-(3). The court denied her motion as untimely. Then, on June 10, 2022, while this appeal remained pending, Wife filed an additional motion to set aside judgment for fraud on the court. The superior court again denied her motion.

¶15        We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

### I.        Fraud On the Court.

¶16        Wife appeals the superior court's denial of her Rule 85 motion to set aside judgment for fraud on the court. We review the denial of a Rule 85 motion for an abuse of discretion. *Duckstein v. Wolf*, 230 Ariz. 227, 231, ¶ 8 (App. 2012). "A court abuses its discretion if it commits an error of law in reaching a discretionary conclusion, it reaches a conclusion without considering the evidence, it commits some other substantial error of law, or the record fails to provide substantial evidence to support the trial court's finding." *Id.* (quoting *Flying Diamond Airpark, L.L.C. v. Meienberg*, 215 Ariz. 44, 50, ¶ 27 (App. 2007)).

¶17        To obtain relief under Rule 85, Wife "'bears the burden of demonstrating [her] entitlement' . . . by clear and convincing evidence." *Id.* at 234, ¶ 20 (quoting *Blair v. Burgener*, 226 Ariz. 213, 216, ¶ 7 (App. 2010)). We will not reweigh conflicting evidence on appeal and will give due regard to the trial court's opportunity to judge the credibility of witnesses. *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009).

4

**¶18** Fraud on the court, also known as extrinsic or collateral fraud, involves "some intentional act or conduct . . . [that] has prevented the unsuccessful party from having a fair submission of the controversy." *McNeil v. Hoskyns*, 236 Ariz. 173, 176-77, ¶ 14 (App. 2014) (quoting *Bates v. Bates*, 1 Ariz. App. 165, 169 (1965)) (alterations in original). In order to succeed on a motion to set aside judgment for fraud on the court, the petitioner must show "fraud or deception practiced on the unsuccessful party" such that "there never has been a real contest before the court of the subject matter of the suit." *Bates*, 1 Ariz. App. at 169.

**¶19** Wife raises three allegations to support her claim of fraud on the court. None of Wife's allegations merit relief.

### A. Mediation Notes

**¶20** First, Wife claims Husband submitted an altered image of the Post-It notes produced during the parties' November 2020 mediation. *See supra* ¶ 7. The superior court found that these notes, initialed by both Husband and Wife, represented an agreement between the parties that later served as the basis for the division of marital assets. Wife contends that an accurate image of the Post-It notes would include her signature along with the initials of the parties and additional language allowing her to choose the account in which to deposit her share of the assets.

**¶21** But even if we assumed Husband submitted an incomplete or altered image of the Post-It notes, there is no material difference between the two versions of the notes. Wife does not claim that these alterations affected the substance of the agreement. Instead, she argues that the changes "invalidated any implied 'mutual agreement.'" Wife admits that the parties "spent a lot of time discussing" the mediation notes at trial and that she disputed whether they represented a valid agreement. But she did not raise any argument before the trial court related to inaccuracies with Husband's image of the Post-It notes or assert that a valid agreement between the parties turned on the designation of a deposit location. Because any differences between the Post-It note images are immaterial, Husband did not commit a fraud on the court. *See AROK Const. Co. v. Indian Const. Servs.*, 174 Ariz. 291, 297-98 (App. 1993) (noting that the omission of nonmaterial terms does not preclude the creation of a contract and is not "fatal to the rights of the parties to obtain enforcement of their bargain"); *cf. McNeil*, 236 Ariz. at 178, ¶ 23 (observing that although "a false statement under oath about a matter in dispute may subject that party to sanctions," "[a] false statement to the court about a matter in dispute rarely will constitute a fraud on the court").

### B.     Concealing of Waste

**¶22**         Next, Wife claims Husband committed fraud on the court when he prevented her from accessing the Condo, which she claims allowed Husband to fraudulently conceal property damage and prevented her from contesting the issue of waste.

**¶23**         "[T]he concealment of material facts may form the basis of an action in equity for extrinsic fraud," but "the plaintiff *must have been kept in ignorance* by some act of the person committing the fraud." *Bates*, 1 Ariz. App. at 168, 170 (emphasis added). Wife's argument fails because the same month that the superior court denied Wife's emergency motion to access the property, it granted her access to the Condo to inventory personal property. Because neither Husband's nor Lieb's actions in getting the court to deny Wife's emergency motion could have "kept [her] in ignorance" as to the condition of the Condo, Wife fails to demonstrate her entitlement to relief for fraud on the court. *See id.* at 170.

### C.     Disclosure Violations

**¶24**         Finally, Wife cites Husband's late disclosure of his 2018 and 2019 tax returns. Specifically, Wife claims Husband committed fraud on the court when he claimed that the documents and information he needed to file his returns were located at the Marital Home. Wife identifies no contrary evidence on the record. Instead, she claims that Husband could have obtained the financial information he needed from his business's bookkeeper.

**¶25**         Fraud on the court must be proven by clear and convincing evidence. *Duckstein*, 230 Ariz. at 234, ¶ 20. Clear and convincing evidence is a "heightened standard of proof that indicates that the thing to be proved is highly probable or reasonably certain." *Kent K. v. Bobby M.*, 210 Ariz. 279, 284-85, ¶ 25 (2005) (internal quotation omitted). The court weighed Wife's claims and found that she had not met that heightened standard. We discern nothing in the record that compels a different conclusion. *See Hurd*, 223 Ariz. at 52, ¶ 16.

## II.    Fundamental Error.

**¶26**         Wife also claims the superior court committed fundamental error in denying her access to the Condo, denying her motion to disqualify Lieb, and allowing Husband to decline the parenting coordinator's fee agreement. "The doctrine of fundamental error is sparingly applied in civil cases and may be limited to situations where the [error] deprives a party of

a constitutional right. *Bradshaw v. State Farm Mut. Auto. Ins. Co.*, 157 Ariz. 411, 420 (1988). "To obtain relief under the fundamental error standard of review, [appellants] must first prove error." *State v. Henderson*, 210 Ariz. 561, 568, ¶ 23 (2005).

**¶27**        Because Wife fails to establish error in any of the challenged decisions, we affirm.

### A.        Denial of Access to Property

**¶28**        Wife argues that the superior court erred in denying her Emergency Request for Access to Jointly Owned Property. A trial court's enforcement of prior orders is reviewed under an abuse of discretion standard. *See In re Marriage of Priessman*, 228 Ariz. 336, 338, ¶ 7 (App. 2011). As a general matter, the party filing a motion bears the burden of setting forth the reasons for granting the motion. *See* Ariz. R. Civ. P. 7.1(a)(2). In setting forth her reasons for the motion, Wife stated that she wished to "conduct an appraisal for her own records and personal interests." At this time, the Condo was already under contract for sale and scheduled for closing in under three weeks. Wife's appraisal could not have affected the contract price, and she failed to provide any other reason justifying relief. The court did not abuse its discretion in denying her requested relief. Moreover, Wife has not established prejudice from the court's order because she used her access to the lockbox to enter the property despite the court's ruling.

### B.        Motion to Disqualify Commissioner Lieb

**¶29**        Wife also claims the superior court erred in refusing to consider her motion to disqualify Lieb as real estate commissioner. We review the superior court's denial of a motion to disqualify for abuse of discretion. *In re Est. of Shano*, 177 Ariz. 550, 557 (App. 1993).

**¶30**        On appeal, Wife claims the superior court refused to hear evidence or read her pleadings before denying her motion. In defense of her position, Wife cites a statement made by the court during a September 8, 2021, hearing that the court lacked the time and the inclination to consider her claims. Nevertheless, during that same hearing, the court allowed Wife to make a thorough record of her dissatisfaction with Lieb. At that hearing, the court also heard Lieb's contradictory evidence and claims relating to Wife's repeated efforts to delay and obstruct the sale of both community properties. After reviewing the competing allegations, the court found Lieb's account of the events to be credible and denied Wife's motion.

¶31 We must "defer to the trial court's determination of witnesses' credibility and the weight to give conflicting evidence." *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998). Accordingly, we find no abuse of discretion in the court's handling of the competing motions.

### C. Parenting Coordinator

¶32 Finally, Wife claims the superior court erred in allowing Husband to decline the parenting coordinator's fee agreement. In doing so, Wife argues, the court failed to enforce its own orders and "created circumstances that were 'manifestly unjust' and wholly inconsistent with its own findings." As stated above, we review the superior court's enforcement of prior orders for an abuse of discretion. *See Priessman*, 228 Ariz. at 338, ¶ 7.

¶33 While it is true that the court entered an order appointing a parenting coordinator, it did so in response to a stipulation by the parties. In their stipulation, the parties agreed "to split the costs of the Parenting Coordinator 50/50 subject to any reallocation consistent with the Arizona Rules of Family Law Procedure." Echoing the stipulation, the court ordered the fee "to be paid to the Parenting Coordinator with Petitioner paying 50% and Respondent paying 50%."

¶34 When the parenting coordinator provided her fee memorandum to the parties, it included a clause that would require each parent to be responsible for 100% of the fees and costs in the event the other parent refused to pay. Husband objected to this term of the fee agreement as outside the parties' stipulation. The parenting coordinator was not willing to remove this term and declined the appointment. It was not "inconsistent" or "manifestly unjust" for the superior court to allow Husband to reject a fee arrangement inconsistent with the parties' agreement or to allow the parenting coordinator to decline the appointment when she was unable to reach a fee agreement with the parties.

## III. Exclusion of Cantor's Report.

¶35 Wife next argues the superior court erred in excluding her expert witness' testimony and reports. However, Wife's witness testified at trial and Wife fails to develop her argument relative to her expert's reports by failing to provide a reference to the record where the court ruled on their admission. ARCAP 13(a)(7)(B). Wife's argument instead focuses on the court's denial of her request to reopen discovery to allow her expert time to prepare a supplemental report. Because this court "prefer[s] to decide each case upon its merits rather than to dismiss summarily on procedural

grounds," we decline to find waiver and will instead address this latter argument. *Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342 (App. 1984).

¶36　　　　The superior court has broad discretion in ruling on matters of disclosure and discovery, and we will not disturb an evidentiary ruling absent a clear abuse of discretion and resulting prejudice. *Johnson v. Provoyeur*, 245 Ariz. 239, 241-42, ¶ 8 (App. 2018). The risk that the opposing party will be prejudiced by the inclusion of new evidence grows when the trial is imminent. *Zimmerman v. Shakman*, 204 Ariz. 231, 236, ¶ 16 (App. 2003). In order to protect the parties, the court is entitled to enforce reasonable discovery deadlines. *See Johnson*, 245 Ariz. at 245, ¶ 20 (upholding a trial court's exclusion of an expert's supplemental report received after the disclosure deadline).

¶37　　　　Wife sought to reopen discovery just over one month prior to trial. Her motion relied on disclosures Husband had made five months earlier. Wife had ample opportunity to make her request at that time, months before trial, when the risk of prejudice would be lower. *See Zimmerman*, 204 Ariz. at 236, ¶ 16. And while the court refused to reopen discovery in full, it granted Wife an additional opportunity to depose Husband in advance of trial. Given the timeline in this case, the court did not abuse its discretion in denying Wife's motion to reopen discovery and refusing to consider any supplemental report prepared by her expert.

## IV.　Legal Custody and Decision-Making Authority.

¶38　　　　Wife claims the court erred in awarding joint legal custody with final decision-making authority to Husband. Specifically, Wife claims the court's decision conflicts with the best-interests factors provided in A.R.S. §§ 25-403 and -403.03. We review the superior court's legal decision-making and parenting-time orders for an abuse of discretion. *DeLuna v. Petitto*, 247 Ariz. 420, 423, ¶ 9 (App. 2019).

### A.　Best-Interests Factors

¶39　　　　The best interests of the child are the court's primary consideration in awarding legal custody and decision-making authority. *Hays v. Gama*, 205 Ariz. 99, 102, ¶ 18 (2003). A.R.S. § 25-403 provides a list of eleven factors "that are relevant to the child's physical and emotional well-being" and requires courts to "make specific findings on the record about all relevant factors and the reasons for which [its] decision is in the best interests of the child."

¶40 In its decree, the superior court noted all eleven factors and made findings relating to each factor for which evidence was presented at trial. Wife claims the court erred in entering findings that are inconsistent with Dr. Weinstock's CFE. But the court cannot delegate judicial decision-making to an expert witness. "The court itself must weigh the evidence — it cannot simply adopt a custody evaluator's report as establishing a presumptive result." *Christopher K. v. Markaa S.*, 233 Ariz. 297, 301, ¶ 20 (App. 2013). In any event, Dr. Weinstock's CFE was not the only evidence presented at trial; Husband also provided testimony on how the relationships of the parties had changed in the time between the completion of the report and the beginning of trial.

¶41 Wife claims the court improperly gave "deference" to Husband's testimony at trial and asks us to correct that error. In essence, Wife asks us to reweigh the evidence and redetermine the credibility of witnesses, which we cannot do on appeal. *See Clark v. Kreamer*, 243 Ariz. 272, 276, ¶ 14 (App. 2017).

### B. Domestic Violence

¶42 As part of the best-interests inquiry, courts must consider any history of domestic violence or child abuse. *See* A.R.S. § 25-403.03(B). After considering the evidence presented, the superior court determined that Husband had engaged in acts of domestic violence against Wife. This created a rebuttable presumption that an award of joint decision-making authority would be contrary to the children's best interests. A.R.S. § 25-403.03(D). Once this presumption is triggered, the court must consider several factors and find evidence sufficient to rebut the presumption before awarding decision-making authority to the offending parent. A.R.S. § 25-403.03(E). Wife argues that the court's consideration of the statutory factors was incomplete and erroneous.

¶43 In challenging the superior court's findings, Wife again takes exception to the superior court's refusal to adopt Dr. Weinstock's report verbatim. But the court cannot delegate judicial decision-making to an expert witness. *Christopher K.*, 233 Ariz. at 301, ¶ 20. And we cannot reweigh the evidence on appeal. *Clark*, 243 Ariz. at 276, ¶ 14.

¶44 Wife also challenges the court's findings as to A.R.S. § 25-403.03(E)(5) as contrary to the record. This factor asks the court to consider "[i]f the parent is on probation, parole or community supervision, whether the parent is restrained by a protective order that was granted after a hearing." A.R.S. § 25-403.03(E)(5). The court found that no credible

10

evidence had been presented on this factor. Wife claims this contradicts the court's previous finding that she had been granted two protective orders against Husband. But this factor only applies "[i]f the parent is on probation, parole or community supervision . . . ." A.R.S. § 25-403.03(E)(5); *see also Nicaise v. Sundaram*, 245 Ariz. 566, 568, ¶ 11 (2019) ("A cardinal principle of statutory interpretation is to give meaning, if possible, to every word and provision so that no word or provision is rendered superfluous."). Because the record does not indicate that Father was on probation, parole, or community supervision, this factor does not apply.

¶45 Wife also claims the superior court failed to consider A.R.S. § 25-403.03(F) which requires courts to "place conditions on parenting time that best protect the child and the other parent from further harm." But the superior court affirmatively addressed this provision before concluding that no conditions on Husband's parenting time were necessary to protect Wife or the children.

**V.      Attorney Fees.**

¶46 Both Husband and Wife have requested an award of attorney fees under A.R.S. § 25-324(A), which allows us to award attorney fees "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." We lack any current information regarding the parties' comparative financial resources. In the exercise of our discretion, we decline to award attorney fees. *See Appels-Meehan v. Appels*, 167 Ariz. 182, 185 (App. 1991) (stating that without evidence of the parties' financial condition, a court cannot determine "which of the parties, if either, should bear the costs of litigat[ion]"). As the successful party, however, Husband is entitled to his costs from Wife upon compliance with ARCAP 21.

¶47 Lieb requests an award of attorney fees pursuant to A.R.S. § 12-341.01(A). Because a real estate listing agreement is a contract and Lieb is the prevailing party on appeal, we order Wife to pay Lieb's reasonable attorney fees and costs upon Lieb's compliance with ARCAP 21.

## CONCLUSION

¶48         For the above stated reasons, we affirm the superior court's decision in full, grant Husband his costs on appeal, and grant Lieb his reasonable attorney fees and costs on appeal.

